CASE 60—ACTION BY J. B. ALTEMUS AND ANOTHER AGAINST W. N. NICKELL TO RECOVER LAND.—MAY 7.

# Altemus, &c. v. Nickell.

APPEAL FROM LETCHER CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFFS APPEAL. AFFIRMED.

ESTOPPEL—BY DEED—AFTER-ACQUIRED TITLE—ADVERSELY HELD BY ANOTHER—CHAMPERTY—VOID DEED.

1. Where a grantor conveyed, with warranty, a tract of land, to a part of which he had no title, and which part was in the adverse possession of another, and later acquired title to such part, his after-acquired title did not inure to the benefit of the grantee, since the conveyance and warranty of such part to him was void, and invested him with no rights, even as against his grantor, under Kentucky Statutes 1899, sections 210, 216, providing that conveyances of land in the adverse possession of another are null and void, and neither party to such conveyance shall have any right of action thereon.

D. D. FIELDS & SON AND W. S. PRYOR, FOR APPELLANTS.

1. A demurrer admits the truth of all facts well pleaded, and every allowance and proper deduction therefrom. It therefore follows that if the petition state facts sufficient to constitute a cause of action the demurrer should be overruled. Norman v. Ky. Board of Managers, 93 Ky., 537; Morgan v. Ballard, 1 Mar., 537; Bank v. Newport, 1 B. M., 16.

2. The petition in this case alleges affirmatively and specifically that W. H. Nickell, the vendor of appellee, on the third day of February, 1882, conveyed to appellant, Joseph B. Altemus, and one Wm. D. Jones a certain tract of land, describing same specifically by fixed objects and courses and distances, and after setting forth the derivation of title from said Jones to appellants, it then alleges that said land was sold by said Nickell as a perfect compact body of land without exceptions or exclusions; said Nickell at the time representing that he had title to the entire boundary and conveyed same accordingly.

It further avers that one G. W. Caudill claimed to own and hold lands embraced in the boundary conveyed by said Nickell as aforesaid, and that after said conveyance by said Nickell to

Altemus and Jones, viz.: On the second day of August, 1887, said Caudill by deed conveyed to said Nickell the coals, oils, metals, gases and mineral products lying and being on his tract of land aforesaid. Now it will not be contended for one minute that said minerals are not part of the realty, and were embraced in Nickell's deed to Altemus and Jones, and covered by his warranty, which, while it is a special warranty, we submit to this court that under the universal rule of law as held by this court in the decisions referred to in this brief, the right to said minerals when acquired by said W. H. Nickell "eo instante" inured to the benefit of Nickell's vendees under his warranty of February 3, 1882. Then his deed to his son, W. B. Nickell, appellee in this case, is a cloud upon plaintiffs' title and should be removed. And in view of the authorities we feel that we are entitled to a reversal of the judgment in this cause, and we therefore join our co-counsel in earnestly and respectfully asking that it be done.

### AUTHORITIES CITED.

Logan v. Steel's Heirs, 4 T. B. Mon., 430; Same v. Same, 7 T. B. Mon., 102; Smith v. Mahan, 7 T. B. Mon., 229; Fitzhugh's Heirs v. Tyler, 9 T. B. Mon., 559; Nunally and others v. White's Exr, &c., 3 Metc., 584; Massie v. Sabastian, &c., 4 Bibb, 433; Perkins v. Coleman, &c., 90 Ky., 611.

WILLIAM LOW AND W. F. HALL, FOR APPELLEES.

### POINTS AND AUTHORITIES.

1. Deed without covenant does not estop the maker to assert after acquired title. 2 Herman on Estoppel, pp. 787 to 789 (secs. 653-655).

2. Failure to state facts in the petition constituting an estoppel can not be supplied by reference to the deed filed as an exhibit. Hill v. Barrett, 14 B. Mon., 84, 86; Collins v. Blackburn, 14 B. Mon., 254; 14 B. Mon., 213; Riggs v. Maltby, 2 Met., 89; Montjoy v. Pearce, 4 Met., 99; Murphy v. Estis, 6 Bush, 533; Gebhart v. Garnier, 12 Bush, 325; Hufaker v. Bank, 12 Bush, 287; 78 Ky., 87; Green v. Page, 80 Ky., 368; Corbin v. Oldham, 1 Rep., 327; Sowers v. Sayer, 2 Rep., 229; Powers v. Tyler, 4 Rep., 173; Yeizer v. Todd, 6 Rep., 597; Blackwell v. White, 7 Rep., 680; Feland v. Ball, 9 Rep., 105; Hansford v. Dynan, 10 Rep., 360; Crowley v. Vaughn, 11 Bush, 518.

3. It was necessary to plead the facts constituting the estoppel. Faris v. Dunn, 7 Bush, 287; Warner v. Bledsoe, 4 Dana, 73; Ford v. Mayo, 91 Ky., 83.

4. Recording a deed made at a time when the grantor has

no title, legal or equitable, is not notice to a subsequent purchaser for value without actual notice, who acquires title from the same grantor after he has acquired the legal title. Maupin on Marketable Title to Real Estate, p. 502 (sec. 214) (see, also, sec. 213); Bigelow on Estoppel (3d ed.), pp. 368-376-380; Rawle on Covenants (5th ed.), pp. 424, 259; 2 Pomeroy's Eq. Jur., sec. 568; Bingham v. Kirkland, 34 N. J. Eq., 234.

5. General statutes, in force when deed was made, did not authorize the recording of a deed conveying no title. Gen. Stats., chap. 24, sec. 8.

6. The deed exhibited and relied on was acknowledged before a notary in Pennsylvania. The copy filed does not show that it was certified under seal as required by Gen. Stats., chap. 24, sec. 16.

7. Such a deed is not a recordable instrument. Miller v. Henshaw, &c., 4 Dana, 325; Kemper v. Hughs, 7 B. Mon., 255; Herd v. Cist, 12 S. W. Rep., 466.

8. The deed filed as an exhibit can be looked to for the purpose of ascertaining whether the statements of the petition are true, and it controls if inconsistent with the pleadings. 14 B. Mon., 213; 18 B. Mon., 61; 1 Met., 430; 3 Met., 95; 2 Dav., 161.

9. The petition does not state facts sufficient to obtain an injunction to prevent the removal of the trees which are alleged to stand on the land which it is alleged Nickell owned at the time he made the conveyance to appellants. High on Injunction, 723, 726, 728, 713; Musselman v. Marquis, 1 Bush, 463; Whipple v. Earwick, 93 Ky., 12; Gately v. Wilder, 12 R., 621; Walker v. Leslie, 90 Ky., 642.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Wm. H. Nickell was the patentee of a boundary of 34,800 acres of land in Letcher county. The patent was issued after other patents for smaller tracts had been granted by the State, covering in part the same land. To the extent of the laps of the elder and junior grants, the latter, by statutory enactment and judicial interpretation, were void, and passed no sort of right to the junior patentee. Gen. St., c. 109, section 3, now section 4704, Ky. St. 1899; Hartley v. Hartley, 3 Metc., 56; Goosling v. Smith, 90 Ky., 157, 11 R., 991, 13 S. W., 437. Wm. H. Nickell attempted to convey to Altemus and Jones the whole of the 34,800

acres, without excluding the previously patented land within the boundary. Among the elder grants embraced in Nickell's patent was one then owned by G. W. Caudill, who was then in possession of his land—so the petition says. Thereafter Nickell acquired title from Caudill to the oil, mineral, coal, gas and mineral products within the Caudill boundary, and took deed therefor. He has sold and conveyed the title so acquired to appellee. This suit is by the vendees of Nickell's first grantees, Altemus and Jones, against his last grantee, appellee, to quiet their title to the oils, gas, minerals, etc., contained within the Caudill tract, upon the theory that Nickell's after-acquired title inured to their benefit, as warrantees under his deed.

Conceding the correctness of the general proposition that one who conveys, with warranty, land to which he has not the title, and afterwards acquires the title, will be held estopped to claim it as against his warrantee, and that it inures, by the fact of his conveyance and warranty, to his grantee, we come to consider whether the doctrine can be applied in this case. Caudill being in the adverse possession of the tract claimed by him at the time Nickell conveyed to Altemus and Jones, that conveyance, so far as the tract in Caudill's possession was concerned, was in violation of the champerty statute of this State. Section 210, Ky. St., 1899, re-enacting section 2, c. 11, Gen. St., in force when the conveyance under consideration was made, reads, in part: "All sales or conveyances, including those made under execution, of any lands, or of any pretended right or title to the same, of which any other person at the time of the sale, contract or conveyance, has adverse possession, shall be null and void." And section 216 (chapter 11, section 8, Gen. St.) reads: "Neither party to any contract made in violation of the provisions of this chapter shall

have any right of action or suit thereon." This statute, without material alteration, has been in force in this State since 1824. The same policy had prevailed previous thereto, and, indeed, had come to us from our mother Commonwealth. This settled policy was one in behalf of the public. Its aim was "to protect bona fide occupants of land against vexatious litigation growing out of champertous contracts which tend to generate suits that otherwise in many cases would never have occurred. So far as the parties to such contracts may alone be concerned, it is not a matter of public concern whether their contracts be valid or invalid, legal or illegal. Neither their interests nor their rights were considered by the Legislature. The peace of society and the repose of occupants were alone consulted" by the statute. Cardwell v. Sprigg's Heirs, 7 Dana, 38. Not only are the sale and the conveyance prohibited and declared to be void, but the further prohibition is added that neither party to that transaction "shall have any right of action or suit thereon." The vice of the act is guarded against by making it absolutely ineffectual for every and any purpose.

The basis of the doctrine that after-acquired title attaches for the benefit of the vendee of one who has conveyed with warranty, but without title, is the warranty. In very ancient times, before the system of passing title by bargain and sale came into use, it was upon the implied warranty. But running through the treaties on the subject, it will be observed that a warranty must have existed in fact, or be supplied as a fiction, to support the reasoning by which the passing of title by estoppel was maintained. It must have been such warranty as runs with the land, and must have been attached to, and have been a part of, the deed of conveyance. Bigelow, Estoppel, 386 *et seq.*

If, then, the deed containing the warranty is void, every part of it must be ineffectual. To allow that the parties to a transaction prohibited as vicious might do by indirection and circumlocution that which they could not do directly, would be to bring a reproach upon the administration of the law. In the well-considered case of Graves v. Leathers, 17 B. Mon., 665 (opinion by Simpson, J.), it was observed that, "under the construction which has uniformly been given to the statute by this court, such deeds have been regarded as void, not only so far as the occupant of the land was concerned, but also as between the vendor and vendee." The deed being void so far as the land embraced therein, but then in the adverse possession of others, was concerned, its warranting clause was equally nugatory with its granting clause. It was ineffectual to pass title, then or thereafter. Vitality could not be imparted to it by the fraud of one of the parties, more than by his honest intentions. If the grantor was free to ignore his champertous deed, and to repossess himself of the property, even as against his vendee (Crowley v. Vaughan, 11 Bush, 517; Cardwell v. Sprigg's Heirs, supra), he certainly could acquire from a stranger, and hold, a perfect title, without regard to his own previous void deed.

It follows that the judgment of the circuit court, being in accord with these views, must be affirmed.