BERRY *et al.* v. SUMMERS.

No. 2413.   Opinion Filed February 11, 1913.

(130 Pac. 152.)

**INDIANS** — Deeds — Validity — Removal of Restrictions.  A full-blood member of the Creek tribe of Indians, prior to the removal of his restrictions, joined with his wife in the execution and delivery of a deed to a portion of his allotment.  After the removal of his restrictions he executed and delivered a deed to the same land to his wife.  Held, the first deed being void, the subsequently acquired title of the wife did not inure to the benefit of her grantee.

(Syllabus by the Court.)

*Error from District Court, Creek County;*
*W. L. Barnum, Judge.*

Action by J. B. Summers against I. K. Berry and Mrs. L. H. McClung.  Judgment for plaintiff, and defendants bring error. Reversed and remanded.

*Biddison & Campbell* and *W. P. Root,* for plaintiffs in error.

*J. E. Thrift,* for defendant in error.

DUNN, J.   This case presents error from the district court of Creek county.   The only question involved under the agreed statement of facts on which the same was tried is whether Hannah Frank is bound by her covenant·of warranty in the deed executed and delivered by Noah Frank, her husband, and herself to L. B. Jackson, and by him made to plaintiff, J. B. Summers.   The deed in question was to a portion of Noah Frank's tribal allotment of land.   It was executed July 26, 1905, prior to the removal of restrictions on his right to alienate.   After the removal of his restrictions he executed and delivered a deed to the said land to his wife, Hannah Frank, and the question involved in this case is whether the title which she then secured inured to the grantee under the first deed.   The transactions covered by the agreed statement of facts occurred before statehood and while the laws of Arkansas as put in force in the Indian Territory by acts of Congress were operative.   Counsel for plaintiff has not favored us with a brief, and we are not advised upon what theory the court rendered judgment in his favor, for the uniform holding of all of the authorities we have been able to discover on this proposition is that, in order for a deed to operate as an estoppel, it is essential that it should be valid as a transfer of grantor's interest.   3 Devlin on ʼDeeds, secs. 1275, 1281a; *Altemus, etc., v. Nickell,* 115 Ky. 506, 74 S. W. 221, 103 Am. St. Rep. 333; *Pells et al. v. Webquish,* 129 Mass. 469; *Bledsoe v. Wortman et al., ante,* 129 Pac. 841.   Under the provisions of section 16 of the Supplemental Agreement of the Creek Tribe of Indians (32 St. at L. 503, c. 1323), the grantor, Noah Frank, could make no valid conveyance of his allotment.   The deed which he made was absolutely void and in no wise prevented him after the removal of his restrictions from making another one.   It divested him of no right or title in the land, and was invalid to transfer any of grantor's interest.

The case of *Pells et al. v. Webquish, supra,* from the Supreme Judicial Court of Massachusetts, was one where Mercy

McGrego, an Indian, executed to Jesse Webquish, in contravention of the law relating to the tribe of Indians of which she was a member, a deed to a tract of land. The court dealing with the case, after holding that she was incapable of making such a contract and that its execution could not affect her interest in the estate or the interest of her descendants, said:

"The deed being absolutely void, and the title remaining in Mercy McGrego, neither she nor her descendants were estopped from setting up title in the land, as against Jesse Webquish, although he afterwards became a proprietor; for the doctrine of estoppel has no application to the case of a party incapable by law of making a contract."

The case of *Altemus, etc., v. Nickell, supra,* was one wherein, under the statutes of Kentucky, conveyances of land held in adverse possession were denounced as null and void, and the court held where such a conveyance was attempted to be made under a warranty deed, the grantee took no title, nor did the after-acquired title of the grantor inure to the benefit of the grantee; the court in its discussion saying:

"The basis of the doctrine that after-acquired title attaches for the benefit of the vendee of one who has conveyed with warranty, but without title, is the warranty. In very ancient times, before the system of passing title by bargain and sale came into use, it was upon the implied warranty. But running through the treatises on the subject, it will be observed that a warranty must have existed in fact, or be supplied as a fiction, to support the reasoning by which the passing of title by estoppel was maintained. It must have been such warranty as runs with the land, and must have been attached to, and have been a part of, the deed of conveyance. Bigelow, Estoppel, 386 *et seq.* If then, the deed containing the warranty is void, every part of it must be ineffectual. To allow that the parties to a transaction prohibited as vicious might do by indirection and circumlocution that which they could not do directly, would be to bring a reproach upon the administration of the law."

The case from this court, *Bledsoe v. Wortman et al., supra.,* which dealt with section 642, c. 27, Mansfield's Digest of Arkansas, which provides that if a grantor conveys real estate without title, but afterwards acquires the same, the estate then acquired shall immediately pass to the grantee, is in point. The grantor

in the case was a member of the Cherokee Nation, and the same principle was involved in the decision as is involved in the case at bar. This court in that case said:

"Said land prior to the time of its being selected by Fulsom as a part of his allotment being a part of the public domain of the Cherokee Nation, though he was a member of said tribe, he could not execute any lawful conveyance thereto, as such conveyance was void (1) on the ground that restrictions had not been removed as to such land, and (2) further because it was against public policy for him to execute a conveyance to a part of the public domain of said nation. The rule of estoppel as declared by said section 642 has no application to conveyances executed in the face of the law. Such conveyance being void when executed, said section 642 was not intended to breathe life into it."

The judgment of the trial court is therefore reversed, and the cause remanded, with instructions to set the same aside and enter one in accordance with this opinion.

HAYES, C. J., and KANE and TURNER, JJ., concur; WILLIAMS, J., concurs in the conclusion.