## Houston, et al. v. Commonwealth.

(Decided April 12, 1916.)

### Appeal from Leslie Circuit Court.

1. Judgment—Motion to Set Aside Judgment—New Trial.—A motion to set aside a judgment forfeiting title to land for non-payment of taxes cannot be treated as a motion for a new trial on any of the grounds allowed by section 340, Civl Code, where the motion was not made, as required by section 342, at the term in which judgment was rendered; and where neither the parties making the motion nor their testator under whom they claim the land were parties to the action in which the judgment of forfeiture was rendered.

2. Judgment—Motion to Set Aside Judgment—New Trial.—Where neither the parties making the motion nor their testator under whom they claim land forfeited by a judgment were parties to the action in which that judgment was rendered, their motion to set it aside cannot be treated as an application for the vacation of a judgment after the term at which it was rendered, under section 518, Civil Code. Nor were they authorized to move for a vacation of the judgment under section 414 of the Code, which provides for a retrial of a case upon motion of a defendant against whom judgment was rendered upon constructive service of summons, and who did not appear.

3. Appeal and Error—Absence of Rejected Pleading From Record.— In the absence from the record of any order or bill of exceptions identifying and making a part of the record a rejected pleading, the Court of Appeals is precluded from reviewing the ruling of the court refusing to allow the filing of such pleading.

4. Parties—Parties Not Affected by.—Where neither the present claimants of a tract of land nor their testator, under whose will they obtained title thereto, were parties to an action forfeiting the land for non-payment of taxes, if their testator was the owner at the time of the judgment of forfeiture, they were not deprived

of their title to the land by that judgment nor are they pre-
cluded thereby from yet asserting their right thereto by resort-
ing to the proper remedy.

LEWIS & LEWIS, W. L. BROWN and HAZELRIGG & HAZEL-
RIGG for appellants.

CLEON K. CALVERT and IRA FIELDS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE.—Affirming.

On June 10, 1911, the Commonwealth of Kentucky,
by Ira Fields, Commonwealth's Attorney of the 33d
judicial district thereof, instituted in the Leslie circuit
court against Horatio Nelson Sproston and others an
action to forfeit, under the provisions of Article 3,
Chapter 22, Acts of 1906, the title and claim of the numer-
ous defendants named in the petition to a forty thousand
acre survey of land situated in Leslie county, granted by
the Commonwealth by patent No. 47832 to one John S.
Sausade, the boundary being specifically set out in the
petition. The defendants were all non-residents of this
State. None of them was served with summons, but all
were proceeded against by warning order and construc-
tively brought before the court.

The ground relied on for the forfeiture of the title
to the land in question was the alleged failure of the de-
fendants, owners thereof, to list it for taxation in or
for the years 1901, 1902, 1903, 1904, and 1905. Following
the filing of a report by the attorney for the non-residents
a trial of the case was had before a jury, resulting in a
verdict of forfeiture, upon which the court rendered
judgment. The trial was had and judgment rendered at
the February term, 1913, of the Leslie circuit court. Be-
fore entering upon the trial, however, the action, on mo-
tion of the plaintiff, was dismissed without prejudice as
to Edwin J. Houston, one of the defendants named in the
caption and body of the petition and alleged therein to be
a joint owner of the land sought to be subjected to
forfeiture. Consequently, he was not a party to the
action at the time of the trial or when the judgment of
forfeiture was rendered.

Thereafter, viz.: March 1, 1914, Edwin J. Houston
died in the city of Philadelphia, state of Pennsylvania,
testate, he being at the time a resident of that city. His
will was on the 29th day of April, 1914, duly probated
and admitted to record in the orphans' court of the coun-

ty, city and state of his residence. By the terms of his will the testator, after providing for the payment of his debts, devised his estate, real and personal, to his two sisters, the appellants Emma Houston and Edith L. Houston, and they, together with the Philadelphia Safe Deposit & Insurance Company, executor of the will of Edwin J. Houston, deceased, on October 7, 1914, and on the third day of the October term, 1914, of the Leslie circuit court, filed a written motion therein to vacate the verdict of the jury and judgment of the Leslie circuit court of February 14, 1913, in the action of the Commonwealth of Kentucky v. Horatio Nelson Sproston, et al., forfeiting the land embraced in the forty thousand acre Sausade patent No. 47832, notice of which motion had previously been duly served upon the plaintiffs, Commonwealth of Kentucky and Ira Fields, Commonwealth's Attorney. The grounds of the motion were: (1) That Edwin J. Houston became the exclusive owner of the land included in the Sausade patent in the year 1900 and was the exclusive owner thereof at the time of its attempted forfeiture by the Commonwealth; that at his death the title thereto, by the provisions of his will, passed to and became vested in the appellants, Emma Houston and Edith L. Houston, who are now the owners thereof; and that the other defendants mentioned in the petition in the action brought by the Commonwealth were not at the time of the institution thereof, or when the judgment of forfeiture was rendered, the owners of the land or any part thereof; (2) That the land was assessed for taxation as the property of Edwin J. Houston during each of the five years mentioned in the petition and the tax assessed for each of such years had been duly paid by Edwin J. Houston as of the dates they were due and collectible, respectively.

At the time of making the motion to set aside the judgment of forfeiture the appellants, Emma Houston, Edith L. Houston and the Philadelphia Safe Deposit & Insurance Company, executor of the will of Edwin J. Houston, produced in open court and offered to file a petition to be made parties to the action of the Commonwealth of Kentucky v. Horatio Nelson Sproston, et al., which petition they asked be taken as their joint and several answer to the petition in that case. This pleading alleged, as in the motion, the title of Emma Houston and Edith L. Houston to the land, its assessment for

taxation and the payment of the tax thereon for and during each of the years it was claimed by the Commonwealth the tax had not been paid, and denied the right of the Commonwealth to the forfeiture prayed in its petition. The court, however, overruled the motion to set aside the verdict and judgment of forfeiture rendered in the action referred to, and refused to permit the petition and answer to be filed. These rulings are shown by the judgment then entered, and from that judgment this appeal is prosecuted.

It will be observed that the judgment appealed from was rendered more than a year after that attempting to forfeit the land embraced by the Sausade patent to the Commonwealth. The attempt of the appellants to set aside the latter judgment cannot be treated as a motion for a new trial on any of the grounds allowed by section 340, Civil Code, for the motion was not made, as required by section 342, at the term in which the judgment was rendered, nor were the appellants or Edwin J. Houston parties to the action in which that judgment was rendered. Nor, for the latter reason, can it be treated as an application for the vacation of a judgment after the term at which it was rendered as allowed by section 518, Civil Code. In other words, one who was not a party to the action in which the judgment sought to be vacated was rendered, can have no right under either of these sections of the Code to obtain at the hands of the Court of Appeals a new trial or review of such judgment. Jones v. Yantis, 113 S. W. 111. (Not elsewhere reported.)

It is, however, insisted for appellants that they were, under section 414 of the Civil Code, authorized to move for the vacation of the judgment of forfeiture and also to file the pleading offered by them at the time of making the motion. Section 414 provides:

"A defendant against whom a judgment may have been rendered upon constructive service of summons, and who did not appear, may, at any time within five years after the rendition of the judgment, move to have the action retried; and, security for the costs being given, shall be admitted to make defense; and thereupon the action shall be retried, as if there had been no judgment; and, upon the new trial, the court may confirm the judgment or modify or set it aside; and may order the plaintiff to restore any money of such defendant paid to him under it, or any property of the defendant obtained by

the plaintiff under it and yet remaining in his possession, and pay to the defendant the value of any property which may have been taken under an attachment in the action, or under the judgment, and not restored. * * *"

It will be observed that this section only permits *"a defendant against whom a judgment may have been rendered upon constructive service of summons, and who did not appear,"* to move to have the action retried. So, in attempting to proceed under this section appellants meet with the same difficulty that would have confronted them had they proceeded under either section 340 or 518. Although appellants were and are non-residents, as neither they nor Edwin J. Houston were defendants in the action in which the judgment of forfeiture was rendered or were constructively served with a summons therein, the right to them to proceed as attempted is not conferred by section 414 of the Code.

For yet another reason we are precluded from reviewing the ruling of the circuit court in refusing to allow to be filed the petition and answer tendered by appellants at the time of making the motion to vacate the judgment of forf_iture; namely, the absence from the record of an order or bill of exceptions identifying and making a part of the record the rejected pleading. It is well settled that in order to obtain a review by the appellate court of a ruling of the inferior court refusing the filing of a pleading tendered, the pleading must be made a part of the record either by an order of the court or by a bill of exceptions. Holmes v. Robertson County Court, 28 R. 283; Dudley v. Herring, 30 R. 270; Weimer's Admr. v. Smith, 30 R. 1311; Patrick v. Patrick, 30 R. 1364; Krish & Co. v. Ky. Jeans Clo. Co., 31 R. 436.

The conclusions we have expressed make it unnecessary for us to determine whether, as claimed by appellees, so much of section 4076d, Kentucky Statutes, as declares that the judgment of forfeiture had thereunder shall not be subject to the provisions of section 414 and other sections of the Civil Code therein mentioned, would have prevented appellants, had they or Edwin J. Houston been parties to the action in which the judgment sought to be vacated was rendered, from attacking it in the manner attempted by them. As neither appellants nor Edwin J. Houston were parties to that action or to the judgment, appellants' legal rights were in no way affected by the provision of the section of the

statute, *supra, or* the judgment of forfeiture. If, as claimed by them, Edwin J. Houston, under whose will they obtained title to the land covered by the Sausade patent, was the owner thereof at the time the judgment of forfeiture was taken and during the years for which it was claimed by the Commonwealth the taxes had not been paid thereon, they were not deprived of their title to the land by the judgment of forfeiture; nor are they precluded thereby from yet asserting, by resorting to the proper remedy, their right thereto. It is a well recognized rule that one not a party to an action cannot be deprived of his rights by a judgment rendered therein. Jones v. Yantis, 113 S. W. 111.

Judgment affirmed.