## SWANSON et al. v. GRAYSON et al.

No. 11619—Opinion Filed March 3, 1925.

Rehearing Denied June 16, 1925.

**1. Indians—Creek Freedman Minor Allotment—Deed by Mother—Invalidity.**

A deed executed by a Creek freedman attempting to convey the allotment of her minor child, who is likewise a Creek freed-

man, is void, and no rule of estoppel operates to prevent the assertion of its invalidity.

**2. Same—Not Validated by After-Acquired Title.**

The after-acquired title of a Creek freedman, member of the Creek Nation, cannot inure to the benefit of her grantee in a deed executed by her to the lands allotted to her minor child as a freedman member of said tribe, said deed having been executed without right or authority during the lifetime of said allottee.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Muskogee County; Guy F. Nelson, Judge.

Action by C. M. Swanson et al. against Betty Grayson et al. Judgment for defendants, and plaintiffs appeal. Affirmed.

Crump DeGraffenried & White and Gus Seawel, for plaintiffs in error.

A. L. Emery, for defendants in error.

Opinion by JONES, C. This is a case wherein the question involved is whether or not the law of after-acquired title, as provided in section 642 of Mansfield's Digest of the Statutes of Arkansas, and section 5257, Comp. Stat. 1921, applies to a warranty deed given by a Creek freedman conveying the allotment of her minor child. The facts in this case, as disclosed by the record, show that Stephen Grayson was a minor Creek freedman, born in 1902, the son of Betty Grayson, principal defendant in this case, and that an allotment was duly selected by the said Stephen Grayson and patented to him. Betty Grayson, the mother, on the 2nd day of February, 1905, represented to P. E. Heckman, one of the appellants herein, that her minor son, Stephen Grayson, was dead, and that she desired to sell the allotment of the said Stephen Grayson; having negotiated the sale of same to the said P. E. Heckman, the said Betty Grayson executed a general warranty deed to the said Heckman, conveying the allotment of the said Stephen Grayson for and in consideration of the sum of $375 cash in hand paid. Betty Grayson was joined in said deed by Leah Scales, a daughter, and the said Betty Grayson and Leah Scales executed said deed as the sole and only heirs at law of the said Stephen Grayson, deceased. By various tranfers of title the plaintiff Joseph A. Peel became the record owner of said land, and thereafter it developed that the said Stephen Grayson was not dead, when H. B. Nelson filed petition

in the county court of Muskogee county, Okla., asking that he be appointed guardian of said Stephen Grayson, and was appointed guardian, and as such guardian instituted suit against said Joseph A. Peel to recover possession of said land and successfully prosecuted said cause to judgment, and recovered possession of said land for the said Stephen Grayson; thereafter in the year 1912 the said Stephen Grayson died without issue, and left as his sole heir the defendant in error, Betty Grayson.

Thereafter, on April 14, 1919, this suit was instituted to recover possession of said land upon the theory of an after-acquired title by Betty Grayson. Upon the trial of the case to the court judgment was rendered in favor of the defendant Betty Grayson. The court finding that the deed executed by the said Betty Grayson in 1905 to the appellant P. E. Heckman was void, and that therefore the plaintiff did not take the after-acquired title of the defendant in error Betty Grayson, from which judgment of the court the appellants prosecute this appeal, and assign numerous specifications of error, but the question of after-acquired title is the only question of significance in the case. This identical question seems to have been passed upon by this court in the case of Whitmore et al. v. Levine et al., 80 Okla. 21, 193 Pac. 884, wherein, in the second paragraph of the syllabus, the court said:

"The after-acquired title of Cherokee freedmen members of the Cherokee Nation cannot inure to the benefit of their grantee in a deed executed by them to the lands allotted to their minor son as a freedman member of said tribe, said deed having been executed during the lifetime of said allottee."

This case is very similar to the case at bar and the allotment in the hands of the minor allottee, Stephen Grayson, was inalienable at the time the deed was executed by his mother, Betty Grayson. Section 16 of the Supplemental Creek Agreement of June 30, 1902, was in full force and effect at the time of the execution of the deed in question and in part provides:

"Any agreement or conveyance of any kind or character violative of any of the provisions of this paragraph shall be absolutely void and not susceptible of ratification in any manner and no rule of estoppel shall ever prevent the ascertain of its invalidity."

In 8 R. C. L. paragraph 111, pp. 1059 and 1060, the author makes the following statement:

"If, however, a warranty deed is void be-

cause the land is in the adverse possession of another, the after-acquired title of the grantor does not inure"—citing the case of Altemus v. Nickell, 115 Ky. 506, 74 S. W. 221.

Plaintiff in error makes a very extended argument in his brief endeavoring to draw a distinction between the rights of freedmen and citizens of Indian blood, and while we recognize many distinctions, the allotment of the minor freedman was restricted from alienation in the same manner as the allotment of citizens by blood, and in this particular there is no distinction and this court was dealing with the rights of a freedman in the Whitmire-Levins Case, supra, and we find no fault with the reasoning of that case, and the rule established. The rule would certainly apply with greater force in a case like this where the deed relied on has been cancelled by a judgment of a court of competent jurisdiction, and the land restored to the minor allottee during his lifetime. Many authorities are cited bearing on the question, but we deem it unnecessary to encumber the record with citations of same, and we therefore recommend that this case be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 31 C. J. p. 525; (2) 31 C. J. p. 520.