## Riggsby, et al. v. Montgomery, et al.

(Decided April 24, 1925.)

Appeal from Magoffin Circuit Court.

1. Partition—Cannot be Questioned Many Years Later, where Parties Took Possession and Remained in Adverse Possession Ever Since —Validity of parol partition, pursuant to which all parties went into possession of their respective parts and remained in adverse possession ever since through themselves or vendees, cannot be questioned over 45 years later on ground of infancy of some at time of partition.

2. Assignments—Conveyance of Expectancy of Inheritance, Void.— Deeds conveying expectancy of inheritance are void.

3. Champerty and Maintenance—Deeds Conveying Present Interest in Land, Owned by and in Adverse Possession of Another, Champertous.—Deeds conveying present interest in land, of which another than grantor was owner and in open and notorious possession against the world, are void as champertous under Ky. Stats., section 210.

4. Estoppel—After-Acquired Title Does Not Inure to Benefit of Grantee in Deed Made while Land was Held Adversely to Grantor. —After-acquired title does not inure to benefit of grantee in general warranty deed made while land was held in possession adverse to grantor.

J. B. ADAMSON and JOHN W. HOWARD for appellants.

CALLOWAY HOWARD and A. F. BYRD for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

In 1858, John W. Cole executed and delivered to Henry Riggsby a title bond covering certain land now lying in Magoffin county. Henry Riggsby died in 1865 leaving surviving him as his only heirs, his widow, Sarah, *nee* Cole, and four children, Lee Riggsby, Kate Bailey and Cynthia Sayler, appellants herein, and also another child, Jane Row, who has since died, leaving surviving her eight children, also appellants in this action. In the '70's, John W. Cole having died, the Cole heirs, to carry out the title bond of their ancestor, conveyed by two deeds to Sarah Riggsby and the four children above mentioned the land covered by the title bond. These deeds on their face conveyed the land to Sarah and the four children equally, so that by their terms Sarah Riggsby and each of the four children took a one-fifth interest in the property. Thereafter and before 1880 the land was partitioned by parol agreement between Sarah and her children, although at that time some of them were infants. However, inasmuch as each child went into the possession of the property set apart to him or her and has ever since through him or herself or vendees been in adverse possession of the land so respectively partitioned, no question can arise at this late date concerning the validity of that partition. Later Sarah married Isaac Montgomery and by him had two children, her son the appellant, Elbert Montgomery, who is an adjudged lunatic, and her daughter, Bertha Jordan, who has since died, leaving surviving her six children, also appellants herein. While Sarah was living on the land set apart to her under the partition proceedings above mentioned, the four children of herself and her former husband, Henry Riggsby, deeded to her then husband, Isaac Montgomery, the land upon which Sarah was living. Sarah died in November, 1911, but

Isaac Montgomery continued to live on the property until he died about 1920. After Sarah's death, Isaac intermarried with Betty Montgomery, by whom he had two children, Daisy Montgomery and Wedsel Montgomery. In his lifetime Isaac and his wife, Betty, deeded to Daisy Montgomery and Wedsel Montgomery, the appellees herein, the land he had acquired by the deeds from the children of Henry Riggsby, saving to Betty Montgomery a dower interest therein. Betty Montgomery has died pending this litigation, and the question now presented in this case is whether Daisy and Wedsel Montgomery are the owners of the land in question or the three surviving children of Henry Riggsby and Sarah Riggsby, the children of their deceased daughter, Jane Row, Elbert Montgomery and the children of the deceased daughter, Bertha Jordan, are such owners.

The appellants contend that in the partition above mentioned, the property set apart to Sarah Montgomery was so set apart to her and recognized by her thereafter as dower and for that reason at the time her four children conveyed the same to Isaac Montgomery, Sarah had only a life interest in the property and the four children had the vested remainder which passed by the deeds to Isaac Montgomery, and hence by his deeds to the appellees. On the other hand, it is claimed by appellants that Sarah owned this land absolutely and that all the four children deeded to Isaac Montgomery was the expectancy of an inheritance from their mother, which under the repeated decisions of this court was void. Both sides introduced proof showing, on the one hand, that Sarah Montgomery during her lifetime only claimed this land as dower, and, on the other hand, that she claimed it absolutely and against the world. Conceding *arguendo* the admissibility of any of this proof to contradict the unequivocal terms of the Cole deed in the absence of a plea of fraud or mistake, yet we find that the proof preponderates towards the latter contention which is in accordance with the terms of the Cole deed. Therefore, at the time the Riggsby children attempted to convey the land in question to Isaac Montgomery, Sarah was its owner in fee simple and they had no title or interest in the same. It then follows that if on the one hand these deeds of the Riggsby children be construed as conveying the expectancy of an inheritance from their mother, they are of course void and con-

veyed nothing. Burton v. Campbell, 176 Ky. 495, 195 S. W. 1091. On the other hand, if these deeds be construed as conveying what the parties thought to be a present interest in the land, they are still void and conveyed nothing because at that time Sarah was not only the owner of the land but as the evidence shows also in the open and notorious possession of the same against the world, and so under such circumstances, the deeds of the children were champertous. Kentucky Statutes, section 210. Although Sarah Montgomery thereafter died intestate and the children who had deeded the land to Isaac Montgomery by deeds of general warranty acquired from her as a part of her heirs a proportionate interest in the property, yet the title thus acquired did not inure to the benefit of their grantee or his vendees. In Altemus v. Nickell, 115 Ky. 506, 74 S. W. 221, this court held that an after-acquired title does not inure to the benefit of a grantee in a deed of general warranty where the deed was made at a time when the land was held in possession adverse to the grantor. The reasons for the rule and doctrine are fully set out in that case and need not be repeated here. See also Colson's Admr. v. Johnson, 208 Ky. 684, — S. W. —. It therefore results that the appellees herein have no title to the land in dispute and the lower court erred in so adjudging.

Judgment reversed, with instructions to enter a judgment for appellants in accordance with this opinion.