## Fugate et al. v. Creech et al.
(Decided Dec. 7, 1937.)

**4**

C. B. SPICER for appellants.

J. C. BAKER and E. H. JOHNSON for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The appeal is from an order overruling a motion to set aside a judgment as being void.

Some time before November 10, 1932, the Citizens. Bank of Cumberland had been closed as insolvent and. an assessment of 50 per cent. placed upon the stockholders by the State Banking Commissioner. It appears that the demands of the Banking Department had been. met, and the assets turned over to the former stockholders to liquidate and pay or settle with the remaining depositors. They executed a writing which named C. G. Smith as their agent for that purpose. The instrument authorized Smith to borrow a sum sufficient to pay the balance owing the depositors and creditors, and to mortgage and pledge the assets to secure the loan. It was stipulated that after the creditors had been paid, and the stockholders who had paid their assessments had been reimbursed, the balance should be distributed among all the stockholders. Under that authority, Smith, as such liquidating agent, on January

16, 1933, borrowed $11,100 from D. L. Creech and five others. Three parcels of real estate were mortgaged and notes of the face value of about $20,000 were pledged to secure the loans.

These obligations had been reduced to $8,355 by July 17, 1935, when Creech and his associates filed suit to have the property subjected to their lien and the payment of the debt. It is alleged in the petition that Smith had been succeeded by C. G. Blair, and he by D. L. Creech, as the agent of the stockholders. Except another named as a garnishee for a collateral purpose not material to the question before us, the only defendants named were the Citizens Bank of Cumberland, C. G. Blair, and C. G. Blair, liquidating agent of the Citizens Bank of Cumberland.

It was stated that Blair had become a nonresident of the state, and, though a warning order attorney was named for him, no report was filed. Summons was served "upon the defendant by handing him a true copy of same to D. L. Creech, this 19th day of July, 1935." Another copy was served upon J. R. Creech and the same return made. Both men were plaintiffs not defendants.

On October 30, 1935, a default judgment was entered directing the sale of the mortgaged and pledged property to satisfy the plaintiffs' demands. The master commissioner filed a report showing a sale of all property to Mrs. D. L. Creech for $4,800. Another report showed the sale of one of the lots to Marian Sheppard for $750. It is noted that L. E. Creech and Cobb Creech had appraised the banking house and fixtures at $5,500; one lot for $500, and the notes at $5,000. No appraisement was made for the other lot.

A. P. Fugate and four other stockholders filed exceptions to the report of sale of the banking house and fixtures. Then the master commissioner filed a supplemental report in which he referred to his previous report of the sale of this property to James F. Frazier for $5,000. It is to be noted that the previous report showed the sale to have been to Mrs. D. L. Creech. There is copied in the record later a report of such sale to Frazier, but no order or indorsement showing its filing. Then Frazier filed a special demurrer to the exceptions of Fugate et al., for the reason that they had no capacity to sue or except to the sale. An order was entered confirming the sale of the notes and choses in

action to Mrs. D. C. Lewis, and another of the lot to Marvin Sheppard, neither of whom had been reported as being purchasers. A correction was later made showing the sale of the banking property to J. F. Frazier and H. R. Thornton, jointly. The special demurrer to the exceptions filed by the stockholders was sustained and deeds and transfers were approved.

While the case was still on the docket, Fugate and seven other stockholders, pursuant to notice given the plaintiffs and the purchasers, filed a motion in behalf of themselves and other stockholders to set aside the judgment and subsequent proceedings because void. Several reasons are set out in the motion. The plaintiffs objecting, the court overruled the motion, to which order the stockholders excepted and prayed an appeal.

A motion has been made in this court to dismiss the appeal upon the ground that the appellants were not parties to the suit in the trial court, and have no right to prosecute the action or maintain the appeal. This is in substance and effect the ground upon which the lower court seems to have held, first, that the former stockholders could not file exceptions to the commissioner's report of sale, and, secondly, could not move to set aside the judgment as void. A determination of that question will determine the motion to dismiss the appeal.

Section 29 of the Civil Code of Practice authorizes any person claiming a right to or interest in property sought to be subjected to demand of a plaintiff under a lien, or the proceeds thereof, to file in the action a verified petition stating his claim and controverting that of the plaintiff. The filing of such petition or other appropriate pleading is a matter of right, though its sufficiency may be questioned by an objection to its filing, or raised by demurrer. Vanmeter v. Fidelity Trust & Safety Vault Co., 107 Ky. 108, 53 S. W. 10, 21 Ky. Law Rep. 744. It is well settled that one thus petitioning to intervene may appeal from an order or judgment overruling his motion to be made a party and dismissing his pleading. Morse v. Buskirk, 167 Ky. 571, 181 S. W. 173. The exceptions filed to the report of sale and the motion to set aside the judgment both showed that the exceptors and movants had a substantial claim to the property involved. They were the owners of the property. The so-called liquidating agent was but their attorney in fact, operating under a special power of at-

torney. They were being deprived of their property without being represented in any way or form.

The appellees place confidence in Houston v. Com., 169 Ky. 445, 184 S. W. 388. The case is distinguishable. Suit had been brought by the commonwealth against several nonresident defendants to forfeit land for non-payment of taxes. The suit was dismissed as against Houston, and a judgment later rendered against the other defendants on February 14, 1913. Houston died about a year afterward, and in October, 1914, his executor and devisees filed a motion to vacate the judgment because Houston had been the owner of the property at all times, and had paid the taxes on it. They also filed a petition to be made parties, submitting the same grounds. There was no suggestion that the judgment was void as disclosed by the record or otherwise. The court overruled the motion and refused to permit the petition to be filed. This action was regarded as but a motion for a new trial by the interveners under the provisions of section 340 of the Civil Code of Practice, and not maintainable under the terms of section 342, since it was not made at the term at which the judgment had been rendered. This court pointed out the remedy was by a proceeding under section 518 of the Civil Code of Practice. Clearly, that is not this case. This is not a motion for a new trial. It is a motion to vacate a judgment as void on the face of the record, while the case was still on the docket. Such motion is not only authorized, but necessary, under the express terms of section 763, Civil Code of Practice, if an appeal from the judgment should be desired. We think, therefore, that the interveners had the capacity and the right to file such a motion, and, consequently to appeal from the order overruling it.

The objection made to the motion may be treated as questioning its sufficiency. The recitation of the proceedings demonstrates that no defendant or anybody else representing the owners of the property was before the court. The summons was served on two plaintiffs. The broad averment in the petition that D. L. Creech had succeeded Smith and Craig as the liquidating agent did not authorize service upon him, individually, as representing the defendants. D. L. Creech's interest was antagonistic to the other stockholders who with him jointly owned the property. Cf. King Construction Company v. Mary Helen Coal Corporation, 194 Ky.

435, 239 S. W. 799. · It is not disclosed why the other plaintiff, J. R. Creech, was served with process. This whole record appears as an ex parte proceeding by the plaintiffs from the beginning to the time some of the owners of the property involved sought to protect their rights and were refused. No authority seems necessary to sustain the conclusion that the judgment and subsequent proceedings were void, and that the court erred in not sustaining the motion to set them aside.

The motion to dismiss the appeal is overruled, and the judgment reversed.