## Lewis et al. v. Creech et al.

Oct. 29, 1943.

H. L. Bryant and Cleon K. Calvert for appellants.

J. B. Carter, Astor Hogg and H. C. Clay for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming in part and reversing in part.

On December 7, 1937, this Court held void a judgment under which the assets of the defunct Citizens Bank of Cumberland had been sold. Fugate et al. v. Creech et al., 271 Ky. 3, 111 S. W. (2d) 402. The present appeal is from a judgment ordering a re-sale of the real estate, including the Bank building and fixtures, awarding liens thereon to the purchasers at the previous sale, and directing payments of $400 each, with interest, out of the remaining proceeds of sale to five of the six appellees, in satisfaction of whose claims for money advanced to the liquidator, the original action was instituted. By amended pleadings and proof it was shown that the $400 awarded represented balances due the recipients after the major advances made by them to the liquidator had been repaid, in part out of the proceeds of the sale which was adjudged void; and appellants' sole complaint of these awards is that since they represented amounts advanced in addition to those secured by the mortgage described in the opinion, the Chancellor, in an action originally instituted to enforce the mortgage, was without jurisdiction to render a judgment for money, the payment of which was not secured thereby. In answer to this contention it is sufficient to say that the action was properly instituted in equity, and the jurisdiction of the Chancellor continued in the absence of a motion to transfer to the ordinary docket for trial any legal issues raised by the supplementary pleadings.

The factual basis of the relief adjudged the purchasers at the void sale is set forth in the Chancellor's decree from which we quote:

"After the rendition of the void judgment, the properties of the Bank of Cumberland were sold pursuant thereto on November 25, 1935, at which time Nellie Shepherd became the purchaser of a vacant lot at the price of $750.00; James F. Frazier and H. R. Thompson became the purchasers of the bank building for $4,600.00 and of the bank fixtures for $400.00, or a total of $5,000.00; * * *

"Following the reversal of the judgment Frazier, who had in the interim become the sole owner of the bank fixtures and bank building, surrendered the possession of such bank building and fixtures to the liquidating agent of the Bank of Cumberland on February 9, 1938.

"Nellie Shepherd constructed upon the lot purchased by her a substantial building which it is alleged

in her amended pleading cost $9,900.00, and which the testimony in the record shows cost $10,650.00, and Mrs. Shepherd still retains possession of such lot and building.

"Following the return of the case from the Court of Appeals, an amended petition was filed in which all of the stockholders and the purchasers at the Commissioner's sale were made parties defendants.

"Mrs. Shepherd has asserted claim for reimbursement for the monies paid by her for the lot and for the enhancement in value brought about by the construction of the improvements thereon. About sixteen witnesses testify as to such enhancement, varying from $5,000.00 to $12,000.00, and the court is of the opinion, considering the whole of such testimony, that the enhancement value due to the construction of the building thereon is $9,000.00, this being practically the average of the amount fixed by the sixteen different witnesses testifying with relation thereto; and is of the opinion that Nellie Shepherd is entitled to have returned to her the $750.00 paid for said lot and the $9,000.00 enhancement thereof by reason of the construction of the building placed on said lot, but that no interest should be allowed since Mrs. Shepherd continues to hold possession of the property and the interest and rents of the property should offset each other; that Mrs. Shepherd is entitled to a lien upon the lot and the improvements she placed thereon to secure the payment of the indebtedness to her.

"Frazier is entitled to have returned to him the $5,000.00 paid for the bank building and the fixtures therein, and the additional amounts shown in the record to have been expended by him in repairs upon such bank building, but is not entitled to have repaid to him any sum expended for premiums upon fire insurance upon such building; the interest and rents to February 9, 1938, should offset each other, but he is entitled to interest upon the amount herein set out from February 9, 1938, and a lien upon said bank building and fixtures to secure the payment of his debt, interest and costs."

It is insisted by appellants that because the stockholders had no power to direct the execution of the mortgage, to satisfy which the previous sale was ordered, Frazier should not have been awarded a lien. But this argument is unavailing in view of the following considerations: No question as to the validity of the mort-

gage was raised on the former appeal; the proceeds of the void sale resulting from the enforcement of the mortgage were used to reimburse the six stockholders who, in reliance thereon, had advanced funds to pay the Bank's creditors whose claims were superior to those of the stockholders; and even though it should be conceded that the stockholders, as such, were without power to authorize the execution of the mortgage and that it is not now too late to raise that question, the plainest principles of estoppel and subrogation dictate that the purchasers whose money was used for this purpose, should be entitled to preference in this contest between them and the stockholders. Combs et al. v. Deaton et al., 199 Ky. 477, 251 S. W. 638.

However, the Chancellor should not have allowed Frazier as much as he did. The rents ($1,500) collected during the period from the date the purchase price with interest ($5,150) was paid (April 27, 1936), to the date the property was surrendered (February 9, 1938), exceeded by $547 the sum of the amount expended for repairs and taxes ($401.37) and interest during that period on $5,150. Hence, instead of offsetting the interest and rent to February 9, 1938, and awarding Frazier a lien for $5,000, with interest from February 9, 1938, and $401.37, with interest from December 8, 1936, the Chancellor should have awarded him a lien for $4,453, with interest from February 9, 1938.

The following objections, in addition to the alleged invalidity of the mortgage, are urged against the judgment awarding Mrs. Shepherd a lien: The lot which she purchased was not specifically included in the mortgage; she could have ascertained by examining the record that the title acquired by her at the sale was invalid, and hence cannot claim that she erected the improvements believing in good faith that her title was valid; and that the amount allowed her was too large. If we had jurisdiction to affirm the judgment as to Mrs. Shepherd, these objections might thus be answered: Although the lot was not included in the mortgage, the instrument signed by the stockholders authorized the inclusion in the mortgage of all the Bank's assets; the petition alleged that it was included in the mortgage, and it was actually included in the judgment and ordered sold; and in any event, in the manner pointed out in discussing Frazier's claim, the purchase price inured to the benefit of the stockholders, who are not prejudiced

by the return to the purchaser of a sum equivalent to the enhancement in value of the property created by the improvements. The purchaser was not required to search the record in order to ascertain whether or not her title was flawless. Moreover, the record in the former suit does not disclose that exceptions were filed to the Commissioner's report of sale, or that the purchaser's attention was called to the defect in the proceedings until a motion to set aside the sale was made on August 18, 1936, which, according to the testimony in the present proceedings, was several months after the purchaser had completed the erection of the improvements. We find nothing in the testimony to indicate that the amount awarded by the Chancellor was excessive.

As to the right of a purchaser at a void sale generally to recover to the extent that the improvements erected by him have enhanced the value of the property sold, see Hurt's Gdn. et al. v. Crawford Coal Corporation, 222 Ky. 504, 1 S. W. (2d) 955; Chenoweth v. Bullitt et al., 224 Ky. 698, 6 S. W. (2d) 1061; Rowe et al. v. Arnett, 241 Ky. 768, 45 S. W. (2d) 12.

However, notwithstanding the fervor with which the objections to Mrs. Shepherd's award are urged, the appellants failed to make her a party to this appeal. Hence, not having entered her appearance, she is not before the Court, and we would be without power to reverse the judgment awarding her a lien were we so inclined.

The controversy between the appellants and Mrs. D. C. Lewis arising out of her purchase at the void sale of the notes due the Bank was specially reserved by the Chancellor for determination, and hence there is no apparent reason why she or certain other of the appellees should have been named in the Statement of Appeal.

So much of the judgment as awards Frazier a lien for the amount stated is reversed, with directions to award him a lien for $4,453 with interest from February 9, 1938, until paid. In all other respects, the judgment is affirmed, without prejudice, however, to the right of appellants to prosecute an appeal from the judgment in favor of Mrs. Shepherd should they so desire.