CITY OF HENDERSON, Kentucky, Appellant,

v.

Robert E. TODD, Individually, etc., Appellees.

W. R. CONLEY, Appellant,

v.

CITY OF HENDERSON, Kentucky, Appellee.

Court of Appeals of Kentucky.

July 11, 1958.

George S. Clay, Henderson, for W. R. Conley.

Leonard T. Mitchell, Henderson, for City of Henderson.

Franklin P. Hays, Louisville, Wm. M. Deep, Henderson, for Todd.

STANLEY, Commissioner.

The City of Henderson adopted an ordinance authorizing the acquisition of an existing industrial plant and the issuance of bonds to finance the purchase. The preamble of the ordinance recites certain factual conditions of abnormal unemployment in the city and that the present owner, the Gibbs Automatic Moulding Corporation, is handicapped by inadequate working capital

and has advised the city that its operations must be curtailed or perhaps closed down and it would thereby add to the number of unemployed persons in the city. It further recites that other industries have offered to locate in the city and afford permanent employment for a substantial number of persons provided the city will furnish suitable buildings and lease the same to them. It is particularly stated that another certain industry has committed itself to lease this property from the city, and that the city authorities are satisfied with its financial condition and capability. The ordinance states further in detail the terms of the proposed lease and of the bonds and provides for their issuance and sale.

This suit, filed by the city against Robert E. Todd, as a representative taxpayer, sought a declaratory judgment which would validate the plan and the bonds. A vigorous defense was made, and upon trial the court adjudged that the factual conditions and the contemplated transactions were so indefinite and economically unsound the court was not authorized to approve the venture as being for a public purpose. The court also ruled that the proposed plan is not a "public project" within the purview of Ch. 58, KRS, under which the procedure was being taken. The court particularly denied the power of the city to pledge the surplus revenue from its gas distributing plant to the payment of the bonds if it should be needed.

The City of Henderson appeals and insists that the judgment is erroneous in all respects and that it should be reversed with directions to enter a judgment approving the project.

The General Assembly, in its 1946 session, enacted two related statutes authorizing the issuance of revenue bonds to finance public or quasi public projects. The first act, approved by the Governor on March 14, 1946, Ch. 58, Acts of 1946, now KRS 103.200–103.280, is confined to the issuance of bonds by cities for industrial buildings in order to relieve unemployment and certain kindred conditions. The second act, approved by the Governor March 22, 1946, Ch. 126, Acts of 1946, now KRS Ch. 58, is a comprehensive statute authorizing (as stated in the title) "the acquisition, construction, maintenance, extension and improvement of public projects, and the renting or leasing thereof, by governmental units, agencies and instrumentalities; providing for the acquisition of property for a public project by condemnation; and authorizing the issuance of tax free revenue bonds for public projects, and the use of tax revenues and other funds for such projects."

Much of the two statutes describing the plans of financing through revenue bonds is in the identical or substantially the same language. However, the first statute, KRS 103.200 et seq., relating specifically and alone to industrial buildings, does not authorize the use of tax revenues or other funds for the liquidation of the bonds to be issued. The second statute, Ch. 58, KRS, dealing with many different "public projects," contains a section which authorizes a "Governmental Agency" (defined as including the Commonwealth, any county or city or other political subdivision acting by or through any of their respective departments or agencies) to use for the acquisition or improvement of the different facilities or the payment of its revenue bonds "any funds or tax revenues available for general purposes of the agency and not required by law to be devoted to some other purpose." KRS 58.130. See McKinney v. City of Owensboro, 305 Ky. 254, 203 S.W. 2d 24; Hill v. City of Providence, 307 Ky. 537, 211 S.W.2d 846; City of Hazard v. Salyers, 311 Ky. 667, 224 S.W.2d 420; Perkins v. City of Frankfort, Ky., 276 S.W.2d 449.

■■ While acquiring or aiding to acquire industrial property for the relief of conditions of unemployment is, in a broad sense, a "public project" (Faulconer v. City of Danville, 313 Ky. 468, 232 S.W.2d 80) it cannot be regarded as such when it comes to financing the same by the issuance of

revenue bonds. That must be done within and under the terms of KRS 103.200 et seq. We construe Ch. 58, KRS, as relating to "projects" as defined therein, which are those which may be acquired, constructed, maintained or improved as "public property for public purposes or suitable for and intended for use in the promotion of the public health, public welfare or the conservation of natural resources." KRS 58.010(1). This comprehends property which is or may be owned by and connected with the administration of government agencies and which is within their respective governmental or proprietary sphere of action.

■ While, as stated above, the language of the two statutes is alike in certain particulars, the present Henderson ordinance expressly identifies Ch. 58, KRS, as the authority for the proposed venture. It expressly pledges a sufficient amount of revenue from the operation of the municipal gas distribution system as will equal any deficiency that may result from a failure of the revenues under the contemplated lease of the property. This, as stated above, cannot be used for the acquisition by a city of a building or other property to be leased to an industry or for the payment of revenue bonds issued therefor. That being the case, we do not reach the particular objections to the judgment. It is sufficient to hold that the court could well have rested its decision wholly upon the ground that the proposed venture is not authorized by the statute under which it was being undertaken.

The second styled appeal, Conley v. City of Henderson, is collateral to the first and has been consolidated with it. This appeal is from an order refusing to allow the appellant, W. R. Conley for himself and other taxpayers and patrons of the city's gas distributing system, to intervene and file an answer in the case.

The complaint was filed June 4, 1958, against the appellee in the first case, Robert E. Todd. The next day the defendant entered his appearance and filed an answer through a Louisville attorney in which he admitted the allegations of fact and merely denied the legal right of the city to issue the bonds. He merely prayed that the complaint be dismissed and that he have such relief as it may appear he was entitled to.

On June 9 an amended answer was filed for Mr. Todd by local counsel. It withdrew the admissions of the original answer and pleaded a more specific and active defense. But before the case was submitted the appellant, W. R. Conley, on June 13, moved the court to be permitted to intervene for himself and other taxpayers and consumers of gas. He tendered an intervening answer making allegations additional to those made in the amended answer of the defendant, Todd. Service of the motion and copy of the tendered pleading had been made upon attorneys for the plaintiff and the defendant, Todd. The court overruled Mr. Conley's motion, reciting that an order had been entered designating Mr. Todd as representative of all taxpayers and users of city gas. Notice of an appeal from this order was immediately filed and served.

■ It was well settled under the former Civil Code that the filing of an intervening petition by an interested party was a matter of right and a denial thereof was an appealable order. Fugate v. Creech, 271 Ky. 3, 111 S.W.2d 402. Civil Rule 24.01 provides that upon timely application anyone *shall* be permitted to intervene in an action under described conditions, and CR 24.02 *permits* intervention under stated conditions. While it would appear that the denial of a motion for leave to intervene is interlocutory and not forthwith appealable, unless intervention is a matter of right (Thompson v. Broadfoot, 2 Cir., 165 F.2d 744, noted in Clay, CR 24.02) we regard an appeal from an order denying intervention under either rule to be proper after final judgment in the case, even though a forthwith appeal would have been proper where intervention was a matter of right under CR 24.01.

■■ It seems to us that the trial court should have permitted the intervention into the case by Mr. Conley as it was timely

made and the issues were of public concern and the petitioner's rights may have otherwise been adversely affected by a failure to permit him to make the defenses pleaded. Timely intervention by a reasonable number of interested parties in a class action affecting the public should not be discouraged. But since the purpose sought to be achieved by the intervenor was accomplished and his attorney's brief on the merits of the case has been considered and the judgment is being affirmed, it is apparent that Mr. Conley was not prejudiced by the court's order.

The order and the judgment are both affirmed.