FLEMING, Adm'r of Wage and Hour Division, United States Department of Labor, v. NORTH GEORGIA MFG. CO., Inc., et al.

No. 2188.

District Court, N. D. Georgia, Atlanta Division.

July 9, 1940.

George A. Downing, Regional Attorney of Wage and Hour Division, U. S. Department of Labor, and W. A. Lowe, Associate Attorney, Wage and Hour Division, U. S. Department of Labor, both of Atlanta, Ga., for plaintiff.

J. D. Quillian, of Winder, Ga., and Wheeler & Kenyon, of Gainesville, Ga., for defendants.

UNDERWOOD, District Judge.

The above cause, a proceeding for civil contempt, came on for hearing upon motion of plaintiff to adjudicate defendants in contempt of court for violation of provisions of an injunction included in a decree of this Court, consented to by both parties, entered on September 12, 1939. Rule was duly issued thereon and responses thereto were filed by defendants.

A number of witnesses testified and documentary evidence was introduced. After argument of counsel and the later submission of written briefs, the Court took the matter under advisement.

Plaintiff alleges that defendants violated the injunction: (1) by failing to make payments of restitution as required by said decree; (2) by requiring employees to return to defendants amounts that had been paid them as restitution under said decree; (3) by failing to pay their employees the minimum wages required by the Fair Labor Standards Act of 1938, 52 Stat. 1060, 29 U.SC.A. §§ 201–219, and said decree; (4) by failing to keep accurate and correct records as required by said Act and decree; (5) and by shipping goods in interstate commerce produced in violation of said Act.

It appears from the evidence in the case and by the admissions of defendants, that the payments in restitution as required by said final decree were not made. They claim, however, that the failure so to do was due to the fact that they were financially unable to make such payments. While such claims do not excuse violations of said decree and do not exempt defendants from prosecution for any violations of the Act due to such failure, nevertheless, I do not think punishment in contempt proceedings should be imposed because it is clear that defendants could not secure the money to make such payments.

It is equally clear, however, that defendants have willfully violated the provisions of said decree relating to the first payment of restitution, which was in fact, in most instances, recovered back by defendants; and also that they have willfully violated said decree in failing to keep accurate books, as required by the Act, showing the actual number of hours worked by their employees, resulting in employees getting less than the minimum wage. The pretense of bookkeeping with respect to the hours of labor, merely set forth the results of computations made by each employee, respectively, of the theoretical number of hours worked, arrived at by dividing the piece price by the minimum hour rate, and had no relation to the number of hours such employee actually worked.

The pretense and artifice of defendants, both with respect to recovering back from their employees, under the guise of free-will offerings, the amounts of restitution paid under the decree of this Court, and also with respect to their claims that employees, though remaining in the factory long hours, were really not employed a great part of the time and were free to utilize such time as they saw fit, are puerile and too transparent to deceive any one.

The benefits and purposes of the Fair Labor Standards Act can not be set aside

by any such devices and subterfuges as this record shows were attempted in this case.

Of course, the transportation of any goods in interstate commerce in violation of the Act would also constitute a violation of the Decree, but I prefer to leave this question for final disposition in other proceedings, if any, and limit my findings and action in this particular matter to the violations of the provisions of the decree arising out of the request and receipt back of the payment made to certain employees in pursuance of the decree, and the failure to keep accurate books with respect to the number of hours actually worked as required by said Act and decree.

I therefore find, upon consideration of all the evidence, that defendants have knowingly and willfully violated said provisions of the injunction heretofore issued by this Court and that penalties should be imposed therefor.

Whereupon, defendants are ordered to appear before me at 10 o'clock A. M., on the 13th day of July, 1940, to hear the judgment of the Court imposing such penalties as may be proper, and to make such representations as they may care to make with respect thereto.