## Brown v. Ingram's Ex'x.

Jan. 19, 1943.

D. M. Bingham for appellant.

Davis, Gilbert & Edwards for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This appeal represents an attempt upon the part of the appellant, Mrs. L. P. Brown, to have vacated and set aside a judgment ordering the sale of certain real estate belonging to her husband to satisfy a debt due the estate of E. N. Ingram, and to have allowed to her a homestead in the property. Mrs. Brown was not made a party to the original action. Her motion to vacate the judgment was not filed until after the commissioner's report of sale had been confirmed. She is attempting to appeal from the order overruling her motion, and also the order confirming the report of sale. She complains also of the manner in which the action was revived in the name of Mary M. Ingram, executrix of the estate of her deceased husband, E. N. Ingram.

It is our view that the action was properly revived in the name of the executrix, but, aside from this, Mrs. Brown made no complaint of the manner in which the action was revived in the motion to have the judgment vacated, to say nothing of the fact that she was a stranger to the action until her motion was filed, and therefore is not entitled to a review of the proceedings up until that time. See Houston v. Commonwealth, 169 Ky. 445, 184 S. W. 388.

The property in which Mrs. Brown sought a homestead interest came into the hands of her husband by virtue of an action brought in his behalf by E. N. Ingram. Ingram then brought this action against Brown to collect his attorney's fee. He died during the pendency of the action. The case was prosecuted to a successful end in the name of the executrix of Ingram's estate, and the same property was sold to satisfy the judgment in favor of the executrix. It brought $371.80, subject to all taxes and claims against it.

The case narrows down to the question of whether the wife's right to a homestead in the property is superior to the attorney's lien. A wife's right of dower in property acquired by her husband subsequent to marriage vests at the time of acquisition concurrently with the vesting of title in the husband. Maryland Casualty Co. v. Lewis, 276 Ky. 263, 124 S. W. (2d) 48. The lien to which an attorney is entitled for his services under KRS 30.200 attaches at the commencement of his serv-

ices. Birkhead v. Ringo, 274 Ky. 498, 119 S. W. (2d) 662. Thus it can be seen that the property in question came into the hands of Mrs. Brown's husband subject to the lien in favor of Mr. Ingram, thereby making his lien prior to any claim of homestead which Mr. and Mrs. Brown might assert.

It follows that it is our view that the judgment should be and it is affirmed.