## NATIONAL LABOR RELATIONS BOARD v. HUDSON MOTOR CAR CO.

### No. 9121.

Circuit Court of Appeals, Sixth Circuit.

June 22, 1943.

---

[12] See footnote 11.

Robert B. Watts, Ernest A. Gross, Howard Lichtenstein, A. Norman Somers, and Dominick Manoli, all of Washington, D. C., for petitioner.

Beaumont, Smith & Harris, of Detroit, Mich., for respondent.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

PER CURIAM.

On August 23, 1941, petitioner, National Labor Relations Board, issued its remedial order against respondent, Hudson Motor Car Company, and on June 3, 1942, this court entered its decree for enforcement of the order. 128 F.2d 528. Under paragraph 2(b) of the order, the Board directed respondent to make whole eleven named employees for any loss of pay each had suffered by reason of the discrimination against him by the payment to each of a sum of money equal to that which he would normally have received as wages during the period of respondent's discrimination against him to September 1, 1940, the date of the Trial Examiner's intermediate report, which report exonerated respondent from an unfair labor practice.

In addition, respondent was directed to pay to each of the employees a like sum determined in the same way from August 23, 1941, the date of the Board's order, which reversed the Trial Examiner, to the date of respondent's offer of reinstatement which occurred September 24, 1942. The sums found to be due were to be credited by the net earnings, if any, of the respective employee during said period.

The parties have agreed that, excluding the period from September 1, 1940 to August 23, 1941, the aggregate sum due the respective employees is $22,112.27. They have also agreed that the respective employees received in the aggregate net earnings for the period from September 1, 1940 to August 23, 1941, of $15,219.16. Respondent contends that under the order of the Board, the employees are to be charged with the net earnings of $15,219.16 which leaves a net balance due them in the aggregate of $6,893.11. Petitioner contends that under its order only net earnings of the respective employees during the two periods of back pay allowance are to be charged against said employees, which leaves a total sum due them of $22,112.27.

Respondent has joined in the present petition praying that this court adjudge the aggregate sum due its respective employees.

Respondent contends that the order of the Board fixed a sum in damages which would make each of the employees in question whole under Section 10(c) of the Act and that as a matter of law there must be credited against this award the net

wages of the respective employee which he earned during the entire period of respondent's discrimination. This contention must be denied. It is true that in the case of Phelps Dodge Corporation v. National Labor Relations Board, 313 U.S. 177, 197, 61 S.Ct. 845, 85 L.Ed. 1271, 133 A.L.R. 1217, it was held that in ascertaining the amount which should be paid workers who were denied employment because of an unfair labor practice, deduction should be made from the sum each would have earned from the date of discrimination to the time of employment, but the court was there considering a case where the Board had ordered back pay for the entire period in which discrimination had been practiced.

Section 10(c) of the Act, 29 U.S. C.A. § 160(c), authorizes the Board "to take such affirmative action, including reinstatement of employees with or without back pay, as will effectuate the policies of this Act." The Board does not exist for the "adjudication of private rights"; it "acts in a public capacity to give effect to the declared public policy of the Act to eliminate and prevent obstruction to interstate commerce by encouraging collective bargaining." National Licorice Company v. National Labor Relations Board, 309 U.S. 350, 362, 60 S.Ct. 569, 576, 84 L.Ed. 799.

In order to prevent a double award of compensation in determining back pay of employees discriminatorily discharged as the result of an unfair labor practice on the part of an employer, the Board is required to credit against the back pay award to the employee actual net earnings of the worker while out of employment and also sums which he could have earned but which he wilfully failed to do. Phelps Dodge Corporation v. Labor Board, supra, Op. 313 U.S. p. 197, 61 S.Ct. 845, 85 L.Ed. 1271, 133 A.L.R. 1217.

Within this limitation, the Board has an uncontrolled discretion in fixing the amount of back pay due employees and credits against such sums for interim earnings of such employees from other sources. The Board, in fixing the sums here found, acted within its discretion.

The questioned order measured the back pay award by two periods of time. It eliminated from its order the earnings accruing to the employee from the date of the Trial Examiner's report to the date of the Board's order and it provided as a credit against the award, the net earnings of the employee from outside sources "during said period."

The difficulty in applying the Board's order arises from the division of the respective employees' back pay into two periods of time and from the statement that the credit from wages from other sources shall be "during said period."

The general definition of the word "period" in reference to time is to refer to a continuous period. If the phrase "during said period" is literally applied without reference to other parts of the order, each employee would be charged with such wages as he earned or could have earned in other employments during the period of discrimination. However, the order of the Board is to be construed like other written instruments. The determinative factor is the intention of the Board as gathered from all parts of the order. In applying this rule, effect must be given to that which is implicit in the order as well as that which is expressed in its language.

Paragraph (b) of the order in question expresses a purpose on the part of the Board "to make whole" respondent's employees on account of its discrimination for the two periods stated in the order of the Board. The employees would not be made whole if they received no credit for the wages they would have earned if they had been employed by respondent for the period from September 1, 1940, to August 23, 1941, and were charged with outside earnings for the same period. Such construction should be given to the Board's order as will make the whole consistent, effective and reasonable. In this view, it is clear that the use of the word "period" in the singular in the order of the Board was a clerical mistake and should have been "periods" in the plural as used in the "remedy" found in paragraph 5 of the decision of the Board.

There is nothing in the record from which an inference may be drawn that the Board intended the language in its order to differ from that used in the decision.

In determining normal earnings to respondent's employees named in the Board's order, no net interim earnings of such employees from September 1, 1940 to August 23, 1941, received from other employment shall be charged against normal earnings of such employees.