### HOME BENEFICIAL LIFE INS. CO., Inc. v. NATIONAL LABOR RELATIONS BOARD.
### No. 5515.

United States Court of Appeals
Fourth Circuit.

Jan. 10, 1949.

Patrick A. Gibson, of Washington, D.C. and T. Justin Moore and Francis V. Lowden, Jr., both of Richmond, Va., for petitioner.

Arnold Ordman, Atty., N. L. R. B., David P. Findling, Associate Gen. Counsel, and A. Norman Somers, Asst. Gen. Counsel, all of Washington, D.C., for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

Motions have been made for a clarification of the holding heretofore made in this case with respect to the back pay awarded the Washington employees and for an order authorizing the Board to hear further evidence with respect to the reinstate-

ment of other employees and the back pay to which they are entitled. As to the matter of clarification, it is perfectly clear from the opinion of this Court, 159 F.2d 280, that back pay was to be awarded the Washington employees only from the time that they applied for reinstatement or from the time that the company learned of the existence of the strike, whichever was last, and that the unfair labor practice held to exist was not the discharge of the employees but the failure to reemploy them with knowledge that they had been on strike. No further clarification is deemed necessary. Nor do we think that it is necessary to enter any order authorizing the Board to hear evidence and make findings as to the reinstatements and awards of back pay of other agents, as there has been shown no such change of circumstances as to render inappropriate the order of the Board which this Court ordered to be enforced. The Board has full power, without further direction from this Court, to take evidence and make findings and orders carrying out the general order for reinstatement and back pay which this Court approved. As we said in Wallace Corp. v. N. L. R. B., 159 F.2d 952, 954: "The order of the Board which we have heretofore ordered enforced does not specifically provide what amounts are to be paid to the employees'named or what positions are to be tendered to them, but covers these matters in general terms. General orders of this sort entered by the Board with respect to back pay and reinstatement manifestly contemplate further administrative action on its part, i.e. determination of the exact amount of back pay to be tendered and determination as to what positions are available and substantially equivalent for the purposes of the reinstatement ordered. Such general orders are analogous to interlocutory judgments of courts fixing liability but leaving for future determination questions as to amount of liability; and our decrees affirming or enforcing them are analogous to our affirmance of interlocutory judgments on appeal. After the general order of the Board for back pay and reinstatement is affirmed or ordered enforced by us, the Board must work out the details of reinstatement and of the amounts to be paid as back pay under the general provi-

sions of the order. This can ordinarily be done by negotiation; but, if controversy arises, the facts must be found by the Board, the body to which Congress has committed the administrative process."

After the Board has made orders with respect to specific reinstatements or awards of back pay appropriate application can be made to this court, if necessary, to enforce or set them aside.

Motions denied.