## NATIONAL LABOR RELATIONS BOARD v. ROYAL PALM ICE CO.

### No. 13735.

United States Court of Appeals
Fifth Circuit.

Jan. 29, 1953.

Marvin E. Frankel, Atty., A. Norman Somers, Asst. Gen. Counsel, David P. Findling, Associate Gen. Counsel, N. L. R. B., Washington, D. C., for petitioner.

A. Meredith Woore, Miami, Fla., for respondent.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

PER CURIAM.

Its motion for authority to conduct supplemental proceedings for the purpose of determining the precise amount of back pay due having been denied, the Board

has filed its motion to vacate the denial order.

◼ Upon due consideration of this motion, it also is denied for the reasons which dictated the denial of the original motion, to which denial we adhere. These reasons are: (1) That the original motion sought the entry of the order if and only "if the court deems such specific authorization necessary"; and (2) the court was of the clear opinion that it was not.

◼ In denying the original motion of the Board and in adhering to that denial, we did not, and do not, deny the power of the Board to proceed in the premises. On the contrary, our denials were, and are, based on our view: that such an order was not necessary. We were, and are, in short in complete argeement with these views set forth in Home Beneficial Association v. N. L. R. B., 4 Cir., 172 F.2d 62, at page 63.

" * * * The Board has full power, without further direction from this Court, to take evidence and make findings and orders carrying out the general order for reinstatement and back pay which this Court approved. * * *

"After the Board has made orders with respect to specific reinstatements or awards of back pay appropriate application can be made to this court, if necessary, to enforce or set them aside."

The motion to vacate is denied.

◼ Insofar as respondent's motion that the cause be remanded for further testimony, seeks a remand to the Board for the purpose of determining the amount of back pay due W. H. Rose, under the back pay order of Board and Court in this case, it is denied for the reasons given in denying the Board's motion for the entry of an order authorizing it to conduct supplemental proceedings that such an order is not necessary.

◼ Insofar as the motion seeks a remand to reopen the matter already determined in this court, that Rose was discriminatorily discharged, the motion is denied because that matter is not thus subject to redetermination.

The motion to remand is denied.