### NATIONAL LABOR RELATIONS BOARD v. DEENA ART-WARE, Inc.
#### No. 11156.

United States Court of Appeals Sixth Circuit.

Nov. 10, 1953.

George J. Bott, A. Norman Somers, Washington, D. C., Jack G. Evans, Regional Director, Cincinnati, Ohio, Robert G. Johnson, Washington, D. C., for petitioner.

James G. Wheeler, Paducah, Ky., Wheeler & Marshall, Paducah, Ky., of counsel, for respondent.

Before SIMONS, Chief Judge, and MARTIN and MILLER, Circuit Judges.

MILLER, Circuit Judge.

On July 30, 1952, this Court sustained the petition of the National Labor Relations Board in this case for enforcement of its order of October 25, 1949, which among other things ordered that the respondent, Deena Artware, Inc., reinstate certain employees alleged to have been discriminatorily discharged, and to make them whole for lack of pay suffered by reason of such discharge. N. L. R. B. v. Deena Artware, Inc., 6 Cir., 198 F.2d 645. Certiorari was thereafter denied by the Supreme Court. 345 U.S. 906, 73 S.Ct. 644. The amount due the employees is unliquidated, depending upon several unknown factors which will have to be determined by further proceedings before the Board. The Board estimates the amount to be approximately $100,000.

In another case, United Brick & Clay Workers v. Deena Artware, Inc., Deena Artware recovered a judgment in the U. S. District Court for the Western District of Kentucky against the United Brick and Clay Workers Union and the American Federation of Labor in the amount of $29,985.85, for damages resulting from an illegal secondary boycott. That judgment was affirmed by this Court on July 30, 1952, No. 11,403, 198 F.2d 637. Certiorari was thereafter denied by the Supreme Court. 344 U.S.

897, 73 S.Ct. 277; Id., 344 U.S. 919, 73 S.Ct. 346. When the appeal was taken from the District Court to this Court, the judgment was superseded by depositing with the Clerk of this Court certain United States Government Bonds in the par value of $45,000. Since the affirmance of the judgment, United Brick & Clay Workers and the American Federation of Labor have paid in to the Clerk of this Court the sum of $34,404.61, which was in full of the judgment with interest thereon to date of payment, and unpaid court costs. The bonds were thereupon returned to the depositors. On December 15, 1952, Deena Artware executed two assignments with respect to its interest in this judgment, one of these assignments in the amount of $15,000 being made to Deena Artware's attorney for legal services, and the other assignment, covering the balance of the unpaid judgment, being made to Deena Products Company, of which Deena Artware is a subsidiary, in part payment of an alleged indebtedness owing by Deena Artware to Deena Products Company. The assignees are asking that the proceeds of the judgment be distributed to them according to their respective interests.

The Board has moved in this action for (1) a temporary restraining order enjoining Deena Artware, Deena Products Company and George H. Weiner, who is the President of both Companies, from giving effect to the assignment to Deena Products Company; (2) that the Government Bonds held by the Clerk, or the proceeds therefrom, to the extent of the amount of the assignment to Deena Products Company, be impounded and not paid over either to Deena Artware or Deena Products Company, and (3) that a rule issue directing Deena Artware, Deena Products Company and Weiner to show cause why an order should not issue requiring them, and each of them, to produce and permit the Board to inspect and copy the books and records which show the transactions between Deena Artware and Deena Products Company, for the purpose of deter-

mining whether the affairs of Deena Artware are being operated for the purpose of rendering it without funds to satisfy the back-pay obligation under the Board's order as enforced by this Court, and whether the assignment was without valid consideration. The motion alleges that Deena Products Company is substantially owned and completely controlled by Weiner who also controls and is President of Deena Artware; that by reason of his dominant position in these corporations he is able to control the financial transactions between them which occur in the course of their related activities, and to direct the flow of assets into each of them; that there is reason to believe that Deena Artware does not have sufficient funds with which to satisfy its back-pay obligation; that the assignment to Deena Products Company was made without valid consideration; that Weiner had made the statement that the discharged employees would never collect any portion of their back-pay claim, in that he would protract the litigation as long as possible and would place the Company in bankruptcy if litigation over the back-pay claims went against him; that the Board's regional office had requested Deena Artware to give assurances that funds would be available to meet the back-pay obligation when the time arrived for payment; that Deena Artware had replied that "under the circumstances, we are not able to give you assurances that funds will be available to meet the demands, the amount of which is unknown to us"; that Deena Artware has engaged in a course of depleting its assets in order to avoid payment of the back-pay award, and that there is immediate danger that the funds held as security for the judgment debt owed Deena Artware in case No. 11,430 will be paid over to Deena Products Company unless they are impounded by this Court. Affidavits were filed in support of these allegations. Deena Artware has objected to the motion, and although admitting the execution of the assignments, and that it made the statement that it could

not give assurances that funds would be available to meet the back-pay demands, has denied that the assignment to Deena Products Company was without consideration or that Deena Artware was engaged in a course of depleting its assets in order to avoid payment of the back-pay award. It has filed counter-affidavits in support of its position.

■ Petitioner did not challenge the validity of the assignment to respondent's attorney. Irrespective of the assignment, the attorney has an equitable lien on the proceeds of the judgment for the amount of his fee, which is superior to any claim of the discharged employees. § 30.200 Ky.Revised Statutes; Brown v. Ingram's Ex'x, 292 Ky. 703, 168 S.W.2d 31. The amount covered by that assignment has been paid to the attorney.

The jurisdiction of this Court in the present proceeding is that conferred by Section 160(e), Title 29 U.S.C.A. under which the Court is empowered to enter "a decree enforcing, modifying, and enforcing as so modified, or setting aside in whole or in part the order of the Board," together with the granting of such temporary relief or restraining order as it deems just and proper. That jurisdiction has been exercised by its order enforcing the decree, entered July 30, 1952, followed by the issuance of its mandate on October 7, 1952. The supplemental relief now sought by the petitioner was applied for on April 9, 1953, based largely upon the assignments executed by the respondent on December 16, 1952, several months after this Court had entered its final order and disposed of the case. We are of the opinion that the issue presented by the present application is not one of which this Court should take jurisdiction at the present time.

■ The contest between the Board and the respondent has now developed into a controversy between creditors. The claims of the discharged employees are unliquidated. Although the legal basis of liability has been determined, actual liability to any individual employee has not yet been established. Facts yet to be developed will determine whether any particular employee has suffered any damage by the wrongful discharge, and, in any event the exact amount of such damage. Nathanson v. N. L. R. B., 344 U.S. 25, 29–30, 73 S.Ct. 80. The claims, whether enforced by the employees or by the Board as their agent, are not lien claims and are not entitled to priority over the claims of other creditors in the event of the debtor's insolvency. Nathanson v. N. L. R. B., supra. If one creditor is improperly or fraudulently obtaining an advantage over another creditor there are available to the complaining creditor common law or statutory remedies in courts of original jurisdiction, independent of equitable action by this Court, for the protection of his interests. The questions involved in controversies between creditors of the same debtor who has insufficient assets to pay both creditors in full are both factual and legal, and on the factual side usually require the taking of proof and the facilities of a trial court. The Board should avail itself of such remedies and facilities for the enforcement or protection of its claim before attempting to invoke the equitable jurisdiction of this Court for that purpose. Pusey & Jones Co. v. Hanssen, 261 U.S. 491, 497, 43 S.Ct. 454, 67 L.Ed. 763; Tennessee Publishing Co. v. Carpenter, 6 Cir., 100 F.2d 728, 732; Hoehn v. Crews, 10 Cir., 144 F.2d 665, 670, affirmed, Garber v. Crews, 324 U.S. 200, 65 S.Ct. 600, 89 L.Ed. 870; White v. Croker, 5 Cir., 13 F.2d 321, 323; certiorari denied, 273 U.S. 715, 47 S.Ct. 108, 71 L.Ed. 855; American Mine Equipment Co. v. Illinois Coal Corp., 7 Cir., 31 F.2d 507, 511, certiorari denied, 280 U. S. 572, 50 S.Ct. 29, 74 L.Ed. 624.

Petitioner, apparently recognizing the force of these objections, contends that the Court should act to prevent contempt of its order of enforcement, and cites instances in which we have acted in Labor

Board cases involving contempt. In the present case, the respondent has not disobeyed any order of the Court. A statement of probable financial inability to pay claims of a substantial amount, possibly totaling $100,000 though still unliquidated, is not contempt of Court. Whether the respondent will be guilty of contempt after the claims are liquidated is problematical. The amount of the liability may prove to be relatively small; payment may in any event be made; the alleged purpose to wilfully defeat the payment is denied by the respondent. We will not assume that the respondent will at some distant time in the future act in contempt of the Court's order, and do not believe that such a controverted issue should be litigated in this Court at the present time. It will be time enough to rule on any question of contempt when the order to pay becomes liquidated and final. If, at that time, any financial inability on the part of the respondent to pay the awards is shown to be the result of improper actions on its part in the meantime, appropriate contempt action can then be taken. Feming, Adm'r v. North Georgia Mfg. Co., D.C.N.D.Ga., 33 F.Supp. 1005; In re Byrd Coal Co., Inc., 2 Cir., 83 F.2d 256. Compare United States v. Fleischman, 339 U.S. 349, 356–357, 70 S.Ct. 739, 94 L.Ed. 906.

The contempt power of the Court should be exercised with caution. In re J. H. Small Shoe Co., D.C.Conn., 13 F.2d 143, 144; United States ex rel. Paleais v. Moore, 2 Cir., 294 F. 852, 856–857; Redman v. United States, 9 Cir., 77 F.2d 126, 127. Its exercise in any particular instance lies within the discretion of the court. Miller v. Zaharias, 7 Cir., 168 F.2d 1, 3, certiorari denied, 335 U.S. 823, 69 S.Ct. 47, 93 L.Ed. 377; In re Sobol, 2 Cir., 242 F. 487, 489. We do not deem it advisable in a case of this nature to exercise the contempt powers of the Court at this time in anticipation of an act of contempt that may not occur, particularly where the effect of the proposed action would be to give the petitioner an unjustified priority over the claims of other creditors of equal rank.

The motions of the National Labor Relations Board are denied.