312 F.2d 105
 STOCK RESTAURANT, INC., Petitioner,
v.
Ivan C. McLEOD, Regional Director of the Second Region of
the National Labor Relations Board, and the
National Labor Relations Board, Respondents.
 No. 27894.
 United States Court of Appeals Second Circuit.
 Argued Nov. 26, 1962.
Decided Jan. 21, 1963.
 
 Thomas A. Bolan and John F. Lang, of Saxe, Bacon & O'Shea, New York City, for petitioner.
 Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and James C. Paras and Stephen B. Goldberg, Attys., National Labor Relations Board, Washington, D.C., for respondents.
 Before CLARK and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner, Stork Restaurant, Inc., brings its petition for a writ of mandamus directingIvan C. McLeod, Regional Director of the Second Region of the National Labor Relations Board (referred to as the Board), and the Board to enforce an order of the Board. The petition is premised upon preceedings before the Board which culminated in a cease-and-desist and-desist order dated February 20, 1961, and reaffirmed by a supplemental decision and order dated February 20, 1962. On march 288 1962, the Board filed with this Court its petition to compel enforcement but since that time has taken no further steps in this court. The present proceeding is designed to enable petitioner, the complainant, to secure the relief to which it claims to be entitled under the Board's order. In its petition, petitioner alleges that 'since said order was handed down Locals 89 and 1 have continued to picket the Stock Club without change in their manner or method of picketing.' The Board did not answer or deny this allegation. However, in a memorandum entitled 'opposition of the National Labor Relations Board of Petition for Writ of Mandamus,' the Board states with reference to the filing of its March 288 1962 petition for enforcement: 'Thereafter, however, compliance discussions were resumed. As a result of these discussions, the Unions subsequently expressed a willingness to comply with the Board's order. * * * It was unnecessary to require a cessation of the picketing for the Board determined, following an investigation, that the picketing, as then conducted, did not violate Section 8(b)(7)(C) of the Act. In brief, this investigation revealed that the present picketing does not have either a recognitional or organizational objective but rather is informational in character, i.e., beyond the ambit of Section 8(b)(7).'
 
 
 2
 Thus there would appear to be a considerable discrepancy in the facts as asserted by petitioner and the Board. The petitioner claims that the present picketing is unlawful; the Board claims that it is lawful. Surely this issue should be capable of resolution once the facts are fully developed. Despite petitioner's reluctance to press its claims of noncompliance Before the Board and, as it argues, 'to start the whole process over again,' the Act and the court decisions pertinent to the subject vest the Board with exclusive jurisdiction. Even without the Act or decisions, there would be a sound ground for the denial of mandamus. The writ orders someone to do something-- in this case, the Board to enforce its order. But such a command might well be too inflexible and quite inconsistent with the exercise of the powers vested in the Board. Labor situations a money judgment by a deputy marshal statement with which petitioner, feeling aggrieved as it does in its present predicament, will heartily disagree. Enforcement of an order in the labor field is quite different from the execution of a money judgment by a deputy marshal or sheriff. The many different interpretations of sections of the Act given by various courts attest to the difficulty of stating hard and fast rules with certainty. This court, therefore, should not tell the Board how it should act, or whether it should act, in this particular situation. On the other hand, the Board by its petition did initiate proceedings to secure enforcement, and there is no reason to assume that the Board, entrusted with the duty to prevent unfair labor practices, will not carry out that responsibility either by proceeding without delay or by showing such a change in the situation as would call for some modification of its original order.
 
 
 3
 Petition denied.