**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**OMAN CONSTRUCTION CO., Inc., Respondent.**

**No. 15104.**

United States Court of Appeals Sixth Circuit.

April 22, 1963.

Alfred Brummel, Atty., N. L. R. B., Washington, D. C. (Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Allison W. Brown, Jr., Atty., N. L. R. B., Washington, D. C., on the brief), for petitioner.

Cecil Sims, Nashville, Tenn., for respondent.

Before MILLER and O'SULLIVAN, Circuit Judges, and PRETTYMAN, Senior Circuit Judge.

PER CURIAM.

The N. L. R. B. seeks enforcement of its order finding that respondent Oman Construction Co., Inc., violated Sections 8(a) (1) and (3) of the National Labor Relations Act. The charge against respondent employer involved the layoff of and the refusal to rehire an employee who had taken a leading part in organizing respondent's employees into membership in the Teamsters Union. There was evidence that the respondent was aware of the involved employee's union activities and had expressed its displeasure at the efforts being made to organize its employees. The employee had been laid off as a truck driver due to the necessity of repairing the truck ordinarily driven by him. After that layoff, the employee gained employment in a different activity of the employer, but, after a time, he was again laid off. There was a conflict in the evidence as to whether, at the time of the second layoff, there was still work available for the involved employee in the activities then being carried on by his employer. After the last-mentioned layoff, the employee sought further employment in another construction job then being carried on by respondent. On this occasion, he was refused employment by an officer of respondent who, according to the fact found by the Board and its examiner, gave as a reason for such refusal the fact that the employee had "been tagged as a ringleader of the union activities at the shop and had put a bad taste in everybody's mouth and * * * [he] would be better off going somewhere else looking for work." The trial examiner concluded that the second layoff and refusal to rehire came about because of the employee's union activities and that his layoff and refusal of employment were, therefore, discriminatory.

 

We are of the opinion that there was substantial evidence on the record, considered as a whole, supportive of the findings of the Board. The Board's order directed that the company cease and desist from activities described in the order and directed that the involved employee be offered re-employment and made whole for lost wages, as a consequence of his layoff and respondent's refusal to reemploy him.

Applying the rule of Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456, we are of the opinion that the order of the Board should be enforced.

It is so ordered.