**NORTHERN VIRGINIA SUN PUBLISHING COMPANY, a partnership, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 18307.**

United States Court of Appeals District of Columbia Circuit.

March 12, 1964.

Messrs. Philip Werner Amram and Gilbert Hahn, Jr., Washington, D. C., were on the pleadings for petitioner.

Mr. Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., was on the pleadings for respondent.

Mr. Seymour J. Spelman, Arlington, Va., was on the pleadings for intervenors Roger W. Wheller, Jr., and others.

Before FAHY, BASTIAN and BURGER, Circuit Judges.

PER CURIAM.

This matter returns to us on a petition of Northern Virginia Sun Publishing Company for a writ of mandamus alleging that the respondent Labor Board has failed to comply with the directives of our opinion remanding the case to the Board. Wheeler v. National Labor Relations Board, 114 U.S.App.D.C. 255, 314 F.2d 260 (1963).

The court desires to call the attention of the respondent Labor Board to the following portions of the court's opinion referred to above:

> "At the hearing before the Trial Examiner, the General Counsel and the charging parties were allowed to adduce considerable evidence relating to the period of bargaining before February 28. * * *" 114 U.S.App.D.C. at 257, 314 F.2d at 262 (1963).
>
> * * *
>
> "There are numerous * * * instances in the record where the Trial Examiner prevented the employer from developing 'background' evidence on cross-examination after it had been received on direct examination on behalf of the employees." (Footnote omitted.) *Ibid.*
>
> * * *
>
> "If these events and conversations [relating to bargaining "background"] were 'necessary' to show *'motivation'* or 'to present an understandable picture' or to aid the Trial Examiner to 'evaluate what happened,' to use his own words, basic fairness required that both litigants have equal opportunity to present their respective versions." (Footnote

232

omitted.) 114 U.S.App.D.C. at 258, 314 F.2d at 263 (1963).

"The refusal to allow the employer to cross-examine on the subject [of bargaining history] and to present his version of that subject led to a record weighted unfairly against one party. This constituted a denial of due process which can be remedied only by a remand to supplement the record and as supplemented it must be reexamined by the Board." *Ibid.*

A writ of mandamus will therefore issue to the end that petitioner Northern Virginia Sun Publishing Company be permitted to develop directly and on cross-examination of previous witnesses the general bargaining background prior to the discharges in question within the same scope as the General Counsel and the charging parties were originally allowed to adduce such evidence.

Mandamus ordered.

Circuit Judge FAHY would deny the petition for writ of mandamus.