**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**OMAN CONSTRUCTION CO., Inc., Respondent.**

**No. 15104.**

United States Court of Appeals Sixth Circuit.

Nov. 16, 1964.

Peter M. Giesey, Atty., N. L. R. B., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, .and Melvin Pollack, Atty., N. L. R. B., Washington, D. C., for petitioner.

Cecil Sims, Nashville, Tenn., for re-.spondent.

Before CECIL and O'SULLIVAN, Circuit Judges, and BOYD, District Judge.

PER CURIAM.

This cause is before the Court on motion of the petitioner, National Labor Relations Board, for entry of a supplemental decree specifying the amount of back pay due one William Nelson, under order of this Court of April 22, 1963, enforcing the order of petitioner against the respondent, Oman Construction Co., Inc.

The response to the motion of the Board was a motion to dismiss the action for the reasons: 1. that this Court has no jurisdiction to issue a supplemental decree, and, 2. that if the Court has jurisdiction to issue a supplemental decree, the order of the Board should not be enforced because it is not supported by substantial evidence.

By opinion of this Court, under date of April 22, 1963, reported at 316 F.2d 230, enforcement of the order of the National Labor Relations Board was granted. The opinion "directed that the involved employee be offered re-employment and made whole for lost wages, as a consequence of his layoff and respondent's refusal to reemploy him." The involved employee was Nelson. A mandate was issued to the Board on the opinion and order of this Court on May 14, 1963. Subsequently, a hearing was had before an examiner. The finding of the examiner that Nelson was entitled to an award of back wages in the amount of $4772 was approved by the Board and an order was issued to that effect. This order is now before the Court for enforcement.

■ The substance of the claim of counsel for the respondent on the question of jurisdiction is that, because this Court in its opinion did not specifically remand the case to the Board for the purpose of determining the amount of back wages due Nelson, the case was closed and jurisdiction was lost. Counsel claims that the employee's only relief is to bring a plenary suit against the respondent in a state court.

There is no merit to the claims of counsel for the respondent. In National Labor Relations Board v. Deena Artware, Inc., 198 F.2d 645, this Court granted an order of enforcement similar to one in the case now before us. The Board's Supplemental Decision and Order for the payment of back wages was enforced in that case by this Court in National Labor Relations Board v. Deena Artware, Incorporated, reported at 228 F.2d 871. See also N. L. R. B. v. Royal Palm Ice Co., 201 F.2d 667, 668, C.A. 5; N. L. R. B. v. Bird Machine Co., 174 F.2d 404, 405–406, C.A. 1, and Home Beneficial Life Insurance Co. v. N. L. R. B., 172 F.2d 62, 63, C.A. 4

National Labor Relations Board v. Deena Artware, Inc., 207 F.2d 798, C.A.

6, cited by counsel for respondent is not in point. This was an action by the Board for a temporary restraining order enjoining Deena Artware from giving effect to an assignment of a portion of a judgment in favor of Deena Artware to Deena Products Company. Other citations [1] of counsel are equally inapplicable.

■ Counsel did not seriously argue the question of the amount of the award of back wages. In answer to a question from the Bench, he stated that he rested his case on the jurisdictional question. We find that the award of back wages made by the Board is supported by substantial evidence and that its order should be enforced.

Enforcement of the Board's supplemental order for an allowance of back wages in the amount of $4772 is allowed.

Robert E. Varner, Montgomery, Ala., for appellant.

J. O. Sentell, Asst. U. S. Atty., Ben Hardeman, U. S. Atty., Montgomery, Ala., for appellee.

Before RIVES, WISDOM and BELL, Circuit Judges.

1. Retail Clerk International Association, etc. v. Schermerhorn et al., 375 U.S. 96, 84 S.Ct. 219, 11 L.Ed.2d 179 (1964);

and N. L. R. B. v. Hudson Motor Car Company, 136 F.2d 385, C.A. 6.