Joseph SILVERMAN, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD and Samuel M. Kaynard, Director, National Labor Relations Board Regional Office No. 29, Respondents.

Docket 76–3023.

United States Court of Appeals, Second Circuit.

Submitted May 6, 1976.

Decided June 15, 1976.

Edward N. Costikyan, and Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for petitioner.

Elliott Moore, Deputy Assoc. Gen. Counsel, NLRB, William Wachter, Acting Asst. Gen. Counsel for Special Litigation, NLRB, and Howard E. Perlstein, Co-Counsel, Washington, D.C., for respondents.

Before MOORE, TIMBERS and GURFEIN, Circuit Judges.

PER CURIAM:

Joseph Silverman on April 15, 1976 filed a petition for a writ of mandamus which sought an order directing the National Labor Relations Board and Samuel M. Kaynard, Director, NLRB Regional Office No. 29, to determine forthwith the amount of back pay owed to petitioner and his fellow employees as the result of violations of the National Labor Relations Act pursuant to our decision of November 20, 1970 which enforced an order of the NLRB. *NLRB v. Bagel Bakers Council of Greater New York,* 434 F.2d 884 (2 Cir. 1970), *cert. denied,* 402 U.S. 908 (1971). On April 19, 1976, we ordered that respondents file an answer to the petition for a writ of mandamus on or before April 29, 1976. Respondents filed their answer on May 6, 1976 and we accept it. For the reasons below, we grant the petition for a writ of mandamus.

In *NLRB v. Bagel Bakers Council, supra,* we enforced a decision and order of the Board which found that the employers, Bagel Bakers Council of Greater New York and sixteen of its constituent members, had committed unfair labor practices in violation of the Act by unlawfully locking out members of Bagel Bakers Union Local 338 of the Bakery and Confectionary Workers International Union of America. On February 25, 1971, a final judgment was entered in our Court which required among other things that respondents reinstate those employees who had been locked out and "make each such employee whole for any loss of earnings he may have suffered,

in the manner set forth in the section of the Trial Examiner's Decision entitled 'The Remedy.'"

Despite the fact that our final judgment was entered *more than five years ago*, the Board still has not determined the employees' back pay awards. Petitioner is now sixty-three years old. Like his fellow employees, he continues to be deprived of the compensation to which he is lawfully entitled as the result of the unlawful lockout which took place *on February 1, 1967*. Many of the employees who were damaged by the lockout may now be dead or their whereabouts may be unknown. The likelihood of compensation being paid is further diminished by the fact that the Council and many of its member employers no longer are in business.

The Board, in its response to the instant mandamus petition, has sought to explain this Orwellian nightmare with a host of excuses such as the backlog of work, the departure of the Board attorney on the case, the alleged complexity of the determinations and the difficulty in gathering necessary data.

■ Whatever might have been said with respect to the Board's problems during a reasonable period after our judgment was entered, we find no merit whatsoever in its present assertion that this delay of more than five years is excusable. The Board's inaction violates the mandate of the Administrative Procedure Act which provides for prompt disposition of agency proceedings. 5 U.S.C. §§ 555(b) and 706(1) (1970). *NLRB v. S. H. Rutter-Rex Mfg. Co.*, 396 U.S. 258, 264–66 (1969).

■ We have jurisdiction under the All Writs Act to entertain the instant petition for a writ of mandamus. 28 U.S.C.

§ 1651(a) (1970). *NLRB v. Ordman Construction Co.*, 338 F.2d 125 (6 Cir. 1964), *cert. denied*, 381 U.S. 925 (1965); *Northern Virginia Sun Publishing Co. v. NLRB*, 330 F.2d 231 (D.C.Cir. 1964); *NLRB v. Sterling Electric Motors*, 114 F.2d 738, 741 (9 Cir.), *appeal dismissed*, 311 U.S. 722 (1940).

■ Under the circumstances here presented, we hold that the petition should be granted. The employees should not be forced to rely upon the Board's belated assurances that it will get around to their claims.

■ We reject the Board's contention that granting the petition will interfere with the Board's exercise of discretion. This is not a case where the Board, in the exercise of its discretion, has decided not to seek enforcement or not to issue a complaint. See *Vaca v. Sipes*, 386 U.S. 171, 182 (1967); *United Electrical Contractors Association v. Ordman*, 366 F.2d 776 (2 Cir. 1966); *Stork Restaurant Inc. v. McLeod*, 312 F.2d 105, 106 (2 Cir. 1963). Rather, the Board simply has failed to comply with the mandate of our judgment of more than five years ago.

Accordingly the petition for a writ of mandamus is granted. The Board is directed to determine claimants' back pay awards within 60 days from the date of this opinion.

Petition granted.