555 F.2d 304
 81 Lab.Cas. P 13,222
 BAGEL BAKERS COUNCIL OF GREATER NEW YORK, Bagel Box, Inc.,
Bagel Town, Inc., Benson Bagel Bakery, Inc., Culver Bagel
Bakery, Inc., Far Rockaway Bagel Bakery, Inc., Golden Bagel
Bakery, Inc., Island Park Nassau Bagel Bakery, Inc., Nelson
Bagel Bakery, Inc., Neptune Brighton Bagels, Inc.,
Rubinstein Bagels, Inc., Rubinstein Bagels, Inc., Triboro
Bagel Co. Inc., D & H Bagel Bakery, Inc., and Pop's Bagel
Bakery, Inc., Petitioners,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
FLATLANDS BAGEL BAKERY, INC., Laurelton Bagel Bakery, Golden
Bagel Corp., Neptune Bagel Bakers, Inc., and
Joseph Rubinstein, Morris Rubinstein,
and Herman Reiter, d/b/a
Rubinstein Bagels,
Respondents.
 Nos. 867-869, Dockets 76-4260, 76-4282 and 76-4283.
 United States Court of Appeals,
Second Circuit.
 Argued March 23, 1977.
Decided March 23, 1977.
Opinion May 6, 1977.
 
 Myron W. Siskin, New York City (Stephan Axelrod, Philip J. Levine, New York City, of counsel), for petitioners.
 Andrew F. Tranovich, N. L. R. B, Washington, D. C. (Aileen A. Armstrong, John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., of counsel), for respondent.
 Before ANDERSON and MESKILL, Circuit Judges, and MARKEY, Chief Judge, U. S. Court of Customs and Patent Appeals.*
 PER CURIAM:
 
 
 1
 We hope this appeal is the final chapter of a labor dispute which dates back to 1967. The facts of the case are fully set out in a prior opinion of this Court, in which we enforced the National Labor Relations Board's ("Board") finding that the employers had illegally locked out their employees. NLRB v. Bagel Bakers Council, 434 F.2d 884 (2d Cir. 1970), cert. denied, 402 U.S. 908, 91 S.Ct. 1380, 28 L.Ed.2d 648 (1971). This appeal challenges the back pay award made by the Board. Although we enforced the order in open court,[1] we felt it would be appropriate to file a brief opinion to close the books on a case already reported.
 
 
 2
 The Council has made a broad attack on the back pay proceedings. It challenges the evidentiary basis for the Board's order; the particular method by which the amount of back pay was calculated; the refusal of the Administrative Law Judge to grant a continuance at one point in the proceedings; and the grant of interest on the award. These attacks must fail.
 
 
 3
 The scope of review in this case is extremely narrow. If we find that the Board's order is supported by substantial evidence, considered on the record as a whole, we must enforce it. After reviewing the record, we have concluded that each of the challenged findings is amply supported by the record.[2]
 
 
 4
 The Council also contests the method by which the Board calculated the amount of back pay. The method chosen, which is characterized as a "modified projection of average earning formula," has previously received judicial approval. See NLRB v. Charley Toppino and Sons, Inc., 358 F.2d 94 (5th Cir. 1966).[3]
 
 
 5
 In framing a remedy, the Board has wide discretion, subject to limited judicial scrutiny. We can reverse only if we find that the method chosen was so irrational as to amount to an abuse of discretion, Fibreboard Paper Products Corp. v. NLRB, 379 U.S. 203, 216, 85 S.Ct. 398, 13 L.Ed.2d 233 (1964). This is not such a case.
 
 
 6
 A back pay award is only an approximation, necessitated by the employer's wrongful conduct. In any case, there may be several equally valid methods of computation, each yielding a somewhat different result. This is especially so when, as here, the Board deals with many small employers. The fact that the Board necessarily chose to proceed by one method rather than another hardly makes out a case of abuse of discretion.[4]
 
 
 7
 The original back pay specification did not call for holiday and vacation pay.[5] During the hearing before the Administrative Law Judge, the specification was amended to cover this. The Council now claims that the Administrative Law Judge's refusal to grant a continuance at that point deprived it of due process of law.
 
 
 8
 The claim for holiday and vacation pay was largely a matter of interpreting facts already in the record, and called for little new evidence. This is amply demonstrated by the fact that the issue was discussed by a number of witnesses prior to the amendment, and that the Council had no difficulty in vigorously contesting the award on this item after the amendment.
 
 
 9
 Moreover, the Administrative Law Judge was operating on an extremely tight schedule. The case had already been before the Board and the courts far too long. At the time of the amendment, a writ of mandamus had been issued commanding that the back pay proceedings conclude in sixty days. Silverman v. NLRB, 543 F.2d 428 (2d Cir. 1976). Under the circumstances, we are unable to say that the refusal to stay the proceedings was an abuse of discretion, or deprived the Council of due process.[6]
 
 
 10
 Finally, the Council challenges the imposition of interest on the back pay award. Its theory is that the Board unduly delayed the proceeding, and that the Council should not pay the "excessive" interest that resulted.
 
 
 11
 Interest is normally granted on a back pay award. Assuming for the moment that the Board was responsible for the delay, we can see no reason to shift its cost from the employers to the employees harmed by the illegal conduct. See NLRB v. Rutter-Rex Mfg. Co., 396 U.S. 258, 263-66, 90 S.Ct. 417, 24 L.Ed.2d 405 (1969). Moreover, the Council members have had the use of the money while the decision was pending. To allow the employers to retain this benefit would be an unjust enrichment which the Board properly sought to avoid. Finally, this particular claim has a hollow ring, coming as it does from a party which in another part of its brief complains that a further delay was not granted.[7]
 
 
 12
 As we noted above, the petition of the Board for enforcement was granted in open court, and the petition of the Council for review was denied.
 
 
 
 *
 Sitting by designation
 
 
 [1]
 Pursuant to Local Rule § 0.23
 
 
 [2]
 Similarly, the finding of the Board that one Council member, Neptune Brighton Bagels, Inc. was a successor employer responsible for back pay is clearly supported by substantial evidence. See Golden State Bottling Co. v. NLRB, 414 U.S. 168, 94 S.Ct. 414, 38 L.Ed.2d 388 (1973)
 
 
 [3]
 In connection with this, the Council complains that it was not permitted to take advantage of a reduction in the piecework rate negotiated by non-Council bakers during the Council lockout. The Board correctly held that the Council, which refused to bargain in good faith, could not take advantage of another's good-faith bargaining. Accordingly, the Board used the rate of the contract in effect when the lockout began
 
 
 [4]
 The Council also challenges the computation of back pay on a yearly, rather than a quarterly, basis. This contention is frivolous. See NLRB v. Seven-Up Bottling Co., 344 U.S. 344, 73 S.Ct. 287, 97 L.Ed. 377 (1953)
 
 
 [5]
 This appears to have been largely a matter of oversight. Both parties agreed that holiday and vacation pay is a proper part of a back pay award
 
 
 [6]
 The mandamus was sought by one of the discriminatees. In Silverman, we described the protracted proceedings in this case as an "Orwellian nightmare."
 
 
 [7]
 If the Council was as concerned with the delay in this case as it now claims, it could have sought to compel agency action under § 10(e)(A) of the Administrative Procedure Act, 5 U.S.C. § 706(1), or by seeking a writ of mandamus, as one of the workers successfully did