Yassin Muhiddin AREF, Defendant–Petitioner,

v.

UNITED STATES of America, Plaintiff–Respondent,

New York Civil Liberties Union, Movant.

Docket Nos. 06–1380–op, 06–1392–op.

United States Court of Appeals, Second Circuit.

Submitted: May 23, 2006.

Decided: June 23, 2006.

---

Terence L. Kindlon, Kindlon and Shanks, P.C., Albany, NY, for Defendant–Petitioner (on submission).

William C. Pericek, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York, of counsel), for Respondent.

Arthur Eisenberg, (Christopher Dunn), New York Civil Liberties Union, for Movant.

Before JACOBS, and B.D. PARKER, Circuit Judges, and PRESKA, District Judge.*

* The Honorable Loretta A. Preska, United States District Judge for the Southern District

PER CURIAM.

Yassin Muhiddin Aref, facing criminal charges in the United States District Court for the Northern District of New York (McAvoy, *J.*), moves for a writ of mandamus [i] ordering the district court to vacate orders that are based on confidential documents, arguments, and decision memoranda, and [ii] ordering the United States to disclose certain information to Aref about a communications monitoring program described in newspaper articles, and to abandon it. In a set of motions consolidated with those made by Aref, the New York Civil Liberties Union ("NY-CLU") [i] moves to intervene in Aref's motion and [ii] independently petitions for a writ of mandamus ordering substantially the same relief as that requested by Aref. We dismiss Aref's petition in part, and in remaining part we deny it; we dismiss NYCLU's petition for lack of jurisdiction and deny the organization's motion to intervene as moot.

**I**

Aref was arrested in August 2004 on charges of money laundering. The government alleges that, in a government sting operation, Aref and a co-defendant—Mohammed Hossain—agreed to launder $50,000 cash proceeds of a sale of weapons to terrorists. The government agents told Aref and Hossain that the cash was generated by the sale of a surface-to-air missile to a jihadist who had imminent plans to use it on targets in Manhattan.

*A. Issuance of Protective Orders*

Pursuant to the Classified Information Procedures Act ("CIPA"), the government moved for a protective order to maintain the confidentiality of certain prosecutorial evidence. *See* 18 U.S.C.App. § 3 ("Upon

of New York, sitting by designation.

motion of the United States, the court shall issue an order to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case in a district court of the United States."). In support of the motion, the prosecution submitted documents under seal; they remain confidential.

On November 16, 2004, the district court granted a modified protective order that allowed redacted versions of certain confidential prosecutorial exhibits to be viewed, but only by defense personnel (1) who obtain proper security clearance and (2) who sign an agreement to obey the protective order. The government filed several exhibits under the terms of the protective order, but the evidence filed in support of the protective order motion remained confidential and under seal.

Taking a new tack, Aref moved to suppress the prosecution's confidential evidence. This motion was denied on January 9, 2006. Aref moved for reconsideration, citing a news article and seeking (1) suppression of the government's confidential evidence as "the poisonous fruit of blatantly illegal electronic surveillance;" (2) the dismissal of the indictment; and (3) an order directing the United States government (pursuant to 18 U.S.C. § 3504(a)(1)) to affirm or deny that evidence against Aref was obtained through an electronic surveillance program described in newspaper reports. The government responded under seal. The motion for reconsideration was denied in a public order accompanied by a corresponding order filed under seal.

Various other motions for protective orders were filed and granted, with public orders accompanied by classified explanatory orders. Although the government

has publicly disclosed redacted versions of certain confidential documents, Aref is unsatisfied and seeks (*inter alia*) access to confidential information about government monitoring of communications. Aref Petition at 14.

Aref petitions this Court for a writ of mandamus that would (1) order the district court to vacate its classified orders and those orders premised on classified government filings, (2) grant access to unredacted versions of the government's confidential exhibits, (3) order the United States government to affirm or deny the existence of "NSA warrantless surveillance material in this case, and provide said material to the defense," (4) "[r]ule that the warrantless NSA surveillance program is illegal," and (5) suppress "all evidence in the case as the poisonous fruit of the illegal warrantless surveillance, and dismiss the indictment." *Id.* at 18.

### B. NYCLU

NYCLU moves to intervene in Aref's petition and independently petitions this Court for a writ of mandamus, challenging the same decisions of the district court but asking for different relief: Where Aref seeks vacatur, NYCLU seeks public access to all classified district court orders, as well as to government filings in support of those orders. NYCLU does not seek mandamus against the United States government.

In the district court, NYCLU sought leave to file an *amicus curiae* brief in support of Aref's motion for reconsideration. That request was denied as moot. NYCLU has not moved to intervene in Aref's district court proceedings.

### II.

Aref's petition is governed by two rules: one applicable insofar as the United States government is targeted directly and another applicable insofar as the target is the district court.

### A. Request for Orders Issued to the Government

 Aref petitions this Court to issue a writ against the United States government; however, this Court has no power to entertain such petitions in the first instance. Our jurisdiction to entertain a petition for mandamus is rooted in the All Writs Act, *Silverman v. NLRB,* 543 F.2d 428, 430 (2d Cir.1976), which provides that "all courts established by Act of Congress may issue all writs necessary or appropriate *in aid of their respective jurisdictions* and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a) (emphasis added). This grant of jurisdiction is construed narrowly. *See Netherlands Shipmortgage Corp. v. Madias,* 717 F.2d 731, 733 (2d Cir.1983); *see also United States v. Victoria–21,* 3 F.3d 571, 575 (2d Cir. 1993) (describing "Congress' unquestionable intent to limit appellate jurisdiction over interlocutory orders"). Accordingly, this Court may not issue writs except those which aid *our* jurisdiction—which is appellate in nature.

Original jurisdiction lies in the district court (if anywhere) for the issuance of this type of writ. *See* 28 U.S.C. § 1361 ("*The district courts* shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." (emphasis added)). By contrast, our usual jurisdiction over federal criminal cases is limited to appeals; our mandamus jurisdiction accordingly is limited to reviewing decisions of the district courts. *See* 28 U.S.C. §§ 1291, 1292 (limiting jurisdiction to appeals from final judgments and certain orders of the district). It is telling

that at one time, the appellate rules cast the district court as respondent to a petition for a writ of mandamus, and that the relevant rule was amended only "to change the tone of the rule and of mandamus proceedings generally." *See* Notes of Adv. Comm. on 1996 Amendments to Rule 21.

Those aspects of Aref's petition that ask this Court to issue orders directly to the United States government are dismissed for lack of jurisdiction.

### B. Request for Orders Issued to the District Court

The remainder of Aref's petition, which seeks relief against the district court, is without merit.

■ Mandamus is an extraordinary remedy, available only in extraordinary circumstances, *see In re United States,* 10 F.3d 931, 933 (2d Cir.1993), and will be granted only if petitioner shows "(1) the presence of a novel and significant question of law; (2) the inadequacy of other available remedies; and (3) the presence of a legal issue whose resolution will aid in the administration of justice." *Id.* (internal citations omitted). We "have expressed reluctance" to use mandamus as a means of challenging discovery orders of the district court. *United States v. Coppa,* 267 F.3d 132, 137 (2d Cir.2001) (internal citations omitted).

■■ Putting aside the significance of any question posed by Aref's petition, Aref has wholly failed to establish that other remedies are inadequate. If relief may be obtained by direct appeal, mandamus is inappropriate. *In re Austrian & German Holocaust Litig.,* 250 F.3d 156, 162 (2d

Cir.2001). "An order that is beyond the scope of the district court's authority is of course normally remediable through a direct appeal." *Id.*

Aref will be able to challenge the complained-of orders on direct appeal. He claims he will suffer "irreparable harm" because of violations to his "substantive and procedural rights to due process, including his Sixth Amendment rights to confrontation and the effective assistance of counsel." Petitioner's Br. at 25. However, this Court routinely hears by direct appeal claims arguing the deprivation of the right to confront witnesses or the right to effective assistance of counsel.[1]

Insofar as Aref's petition has not been dismissed, it is denied for failure to demonstrate "the inadequacy of other available remedies."

### III

■ Since nothing is left of Aref's petition for a writ of mandamus, NYCLU's motion to intervene in that petition is denied as moot. NYCLU's independent petition for mandamus is dismissed for lack of jurisdiction. NYCLU is not a party in this case, nor is it appealing from a denial of leave to intervene in Aref's prosecution. NYCLU moved to submit an *amicus* brief to the district court, but the denial of that motion is not in issue. Accordingly, NYCLU may not petition this court for relief in a case in which the organization lacks involvement.

■ The Federal Rules contemplate that petitions for mandamus will be filed by "parties." Fed. R.App. P. 21; *see also* Notes of Adv. Comm. on 1996 Amend-

---

1. *See, e.g., United States v. Goldstein,* 442 F.3d 777 (2d Cir.2006) (claiming, *inter alia,* violation of Sixth Amendment right to confrontation); *United States v. Snype,* 441 F.3d 119, 125 (2d Cir.2006) (same); *United States v.* *Cohen,* 427 F.3d 164, 168 (2d Cir.2005) (claiming, *inter alia,* deprivation of effective assistance of counsel); *United States v. Wellington,* 417 F.3d 284, 287 (2d Cir.2005) (same).

ments to Rule 21 ("Most often a petition for a writ of mandamus seeks review of the intrinsic merits of a judge's action and. is in reality *an adversary proceeding between the parties.*"). We are aware of no authority authorizing a non-party to petition the Court of Appeals for a writ of mandamus in a criminal case. If NYCLU wanted to petition this Court for mandamus: (1) it might have sought intervention in the district court or (2) it might have filed its own civil claim seeking public disclosure of judicial documents generated in Aref's case. *See ABC, Inc. v. Stewart,* 360 F.3d 90, 97 (2d Cir.2004) (expressing indifference between appellate status of an independent civil case and an intervention in the pending criminal case).

NYCLU claims to represent the public interest in the disclosure of judicial documents. (Of course, the elected government of the United States has a claim to represent the public interest in preserving non-disclosure.) Though the public may have such an interest, *see Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir.2006), the cases that NYCLU cites in support of its independent, uninvited petition all involve appeals from (1) district court denials of (2) motions made by intervenors (3) for the sake of advancing the public's interest in access to judicial documents, or appeals from separate civil suits seeking to compel disclosure. *Id.; ABC, Inc.,* 360 F.3d at 97; *In re New York Times Co.,* 828 F.2d 110, 113 (2d Cir.1987); *In re Washington Post Co.,* 807 F.2d 383, 387 (4th Cir.1986); *United States v. Criden,* 675 F.2d 550, 552 (3d Cir.1982); *see also Detroit Free Press v. Ashcroft,* 303 F.3d 681 (6th Cir.2002); *United States v. Brooklier,* 685 F.2d 1162, 1165 (9th Cir. 1982). Absent a prior attempt at intervention at the district court level or a request for public disclosure in an independent district court civil suit, NYCLU cannot

seek redress here. Accordingly, the petition is dismissed for lack of jurisdiction.

We have considered the parties' remaining arguments and find each of them to be without merit. For the foregoing reasons, Aref's petition is in part dismissed for lack of jurisdiction and denied in remaining part. NYCLU's motion to intervene is denied as moot and its petition is dismissed for want of jurisdiction.